STATE OF NORTH CAROLINA v. ROBERT LEE TAYLOR

No. 512A87

(Filed 5 May 1988)

1. **Criminal Law § 138.23— burglary—aggravating factor—armed with deadly weapon—not improper finding of use of weapon**

    The trial judge's statement that he found that defendant was "armed" with a hammer and that he "used it horribly," together with the judge's reference to "those statutory items," did not amount to findings of both possession and use of the weapon as two distinct aggravating factors where the findings sheet upon which the aggravating and mitigating factors were recorded unambiguously reveals that the weapon used by defendant in perpetrating the crime gave rise only to the aggravating factor that "defendant was armed with a deadly weapon at the time of the crime" and that "use" of the weapon was not found by the court in its consideration of the appropriate punishment.

2. **Criminal Law § 138.23— armed with deadly weapon—element of felonious assault—use to aggravate burglary sentence**

    The trial court did not violate N.C.G.S. § 15A-1340.4(a)(1) by using an element of a joined felonious assault offense—that defendant was armed with a deadly weapon—as a factor in aggravation of defendant's sentence for first degree burglary, since the phrase "the offense" as used in that statute refers to the offense for which the defendant is convicted or to which defendant tenders a plea of guilty.

3. **Criminal Law § 138.29— nonstatutory aggravating factor—purposes of sentencing—sufficiency of evidence**

    The trial court did not err in finding as a nonstatutory aggravating factor for first degree burglary that defendant "had inside information, knowing when that lady was alone in a rural area and took advantage of it with the keys" on the basis of evidence that defendant, the victim's next-door neighbor, had inquired of the victim as to whether the victim's daughter was staying elsewhere on the evening of the crime, and evidence that defendant used keys to the victim's mobile home surreptitiously copied from the victim's keys while they were entrusted to his wife, since (1) this nonstatutory factor was clearly related to the purposes of sentencing in that defendant's behavior was of the type from which the public should be protected and from which possible future offenders should be deterred, and (2) this factor was amply supported by the evidence.

APPEAL as of right by defendant pursuant to N.C.G.S. § 15A-1444(a1) and Rule 4(d) of the North Carolina Rules of Appellate Procedure from a judgment imposing a life sentence entered by *Preston, J.,* at the 28 May 1987 Criminal Session of Superior Court, ROBESON County, upon defendant's plea of guilty

of first-degree burglary. On 20 October 1987, the Supreme Court allowed defendant's petition to bypass the Court of Appeals on his appeal from a second judgment imposing a six-year term upon defendant's plea of guilty of assault with a deadly weapon with intent to kill inflicting serious injury. Decided on the briefs pursuant to Rule 30(d) of the North Carolina Rules of Appellate Procedure.

*Lacy H. Thornburg, Attorney General, by Laura E. Crumpler, Assistant Attorney General, and Barbara S. McClure, Associate Attorney General, for the State.*

*Donald W. Bullard for defendant-appellant.*

MEYER, Justice.

Defendant Robert Lee Taylor pled guilty to one count of first-degree burglary and one count of assault with a deadly weapon with intent to kill inflicting serious injury. Pursuant to these pleas, defendant was sentenced to the maximum term of life imprisonment on the burglary conviction and to a six-year term on the felonious assault conviction. In his appeal to this Court, defendant forwards for our consideration three assignments of error relative to the proceeding below. We have carefully considered the entire record and each of his assignments in turn, and we find no error. Accordingly, we leave undisturbed defendant's convictions and the accompanying sentences.

Evidence presented by the State in support of defendant's plea of guilty tended to show the following series of relevant facts and circumstances. On 12 April 1987, the victim lived in a mobile home in Lumberton, North Carolina. During the early morning hours on that day, the victim was awakened by the presence of a man "standing in [her] bed." While the victim screamed, the intruder grabbed the victim and began to strike her in the face with both his fist and a hammer. At one point during the attack, the intruder ground his bare foot into the victim's already cut and bleeding face.

During the course of the attack, the victim continued to scream and to beg for her life. The victim noticed, among other things, that her assailant had only one hand and that he was not wearing any shoes. Ultimately able to free herself and to break

away from the intruder, the victim hurled a clock radio at the man, prompting him finally to end his violent assault and to flee the mobile home. The victim immediately telephoned for help and told the deputy sheriff, upon his arrival, that the intruder was her next-door neighbor, the defendant.

An investigation of defendant's home revealed numerous items of highly incriminating evidence. Among other things, a bloody hammer was found by investigators on the back steps of the defendant's home. Investigators also located at defendant's home a set of keys which fit the locks on doors of the victim's mobile home. The keys did not appear to be originals, but rather were apparently duplicated from an original set. The victim testified that, two years earlier, she had given defendant's wife a set of keys to her mobile home so that she could walk the victim's dog while the victim was away at her job. The victim had subsequently gotten the keys back.

The State also introduced into evidence the statement of another of the victim's neighbors. Bradley Locklear indicated in his statement that, about a month before the events of 12 April, he saw defendant enter the back door of the victim's mobile home at a time when the victim was apparently absent. The victim testified, in addition, that defendant asked her during the day preceding the night of the attack whether the victim's sixteen-year-old daughter would be at home with her on that evening. The victim told defendant on that occasion that her daughter would be staying with her cousin that night.

Defendant, for his part, presented no evidence concerning his participation in the crime in question. However, he did present evidence in an effort to support certain factors in mitigation of sentence. Specifically, defendant presented the testimony of several witnesses that defendant was possessed of a good character and that he had a good reputation in the community. In addition, defendant put on other evidence to the effect that defendant was mildly mentally retarded, that his wife had been crippled and unable to work for many years, and that his oldest child was mentally retarded.

At the close of all the evidence, the trial court found as factors in mitigation of sentence on the first-degree burglary conviction, first, that defendant has been a person of good character and

reputation in the community in which he lives and, second, that defendant has an infirm wife and a retarded son—a state of affairs bearing upon his mental condition. The court found as aggravating factors, first, that defendant was armed with a deadly weapon at the time of the crime and, second, that defendant obtained and used inside information that the victim was alone in a rural area. The trial court found further that the aggravating factors outweighed the mitigating factors, and pursuant to that finding, it imposed upon defendant the maximum sentence of life imprisonment.

The trial court made no findings concerning factors in mitigation or aggravation of sentence with regard to defendant's conviction of assault with a deadly weapon with intent to kill inflicting serious injury. Accordingly, it thereupon imposed the presumptive six-year term, that term to run consecutive to the life sentence imposed on the first-degree burglary conviction.

In his appeal to this Court, defendant brings forward three assignments of error concerning the proceeding below. They are: first, that the trial court committed reversible error in improperly considering one statutory aggravating factor as two distinct aggravating factors; second, that the trial court committed reversible error in using an element of the offense of first-degree burglary as an aggravating factor; and third, that the trial court committed reversible error in finding an aggravating factor which was not supported by the evidence. We deal with each of defendant's assignments in turn, and we find all three to be without merit.

I.

[1] In his first assignment of error, defendant asserts that the trial court committed reversible error in considering as two distinct factors in aggravation of the first-degree burglary conviction a single statutory aggravating factor. Defendant argues here that the trial court erred in including an additional aggravating factor which may have played a significant part in compelling its finding that the aggravating factors present in the case outweighed the factors in mitigation. Moreover, argues defendant, the trial court's error may also have caused it to order the sentence in the felonious assault case to run consecutive to that in the burglary case. We find the record in the case to be com-

pletely devoid of any support for defendant's argument, and accordingly, we overrule this first of defendant's assignments of error.

At the conclusion of the proceeding below, and immediately after finding two factors in mitigation of sentence, Judge Preston stated as follows:

> In aggravation, I find that the defendant, in committing this first degree burglary, *was armed with a deadly weapon;* to-wit: a knife—to-wit: a hammer, and that *he used it horribly.* And in addition to *those statutory items,* Madam Clerk, I find in aggravation that he had inside information, knowing when that lady was alone in a rural area and took advantage of it with the keys.

(Emphasis added.)[1] Defendant contends specifically here that the trial court's finding that defendant was "armed" with a hammer and that he "used it horribly," together with its reference to "those statutory items," amounted to findings by the trial court of both the *possession* and the *use* of the weapon as two distinct statutory aggravating factors. Defendant's argument is without merit.

The record in the case at bar, particularly the findings sheet on which the trial court recorded its findings with regard to aggravating and mitigating factors, unambiguously reveals that the weapon used by defendant in perpetrating the crime gave rise to but one aggravating factor—namely, that "the defendant was armed with a deadly weapon at the time of the crime." Moreover, this same record reveals that the aggravating factor complained of by defendant—that defendant "used" a deadly weapon at the time of the crime—was *not* found by the court in its consideration of the appropriate punishment. It is therefore clear that the trial

---

1. We note here that, in stating his findings at the close of the proceeding below, the trial judge initially erroneously identified the deadly weapon in the case as a knife. This same erroneous reference appears on the findings sheet which is a part of the record accompanying the case. We have reviewed the transcript in this case very carefully, and we find it devoid of any evidence whatever of either the presence or the use of a knife. Our finding in this regard is consistent with the trial judge's abrupt correction of his misstatement—specifically, his correct and immediately subsequent statement that the relevant deadly weapon was in fact a hammer.

court's reference during the proceeding below to "*those* statutory items" (emphasis added) constituted merely a *lapsus linguae* and is therefore of no legal significance whatever. Accordingly, defendant's first assignment of error is without merit, and it is hereby overruled.

## II.

[2]   In his second assignment of error, defendant asserts that the trial court committed reversible error in using an element of one of the charged offenses — the felonious assault — as an aggravating factor in the sentencing of defendant for the separate, though joined, second offense — the burglary. In this case, the trial court used an element of the felonious assault — namely, that defendant was armed with a deadly weapon — as a factor in aggravation of defendant's sentence on the first-degree burglary conviction. Defendant relies here upon N.C.G.S. § 15A-1340.4(a)(1), which provides in pertinent part:

> Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to prove more than one factor in aggravation.

Defendant contends that the above-quoted statute was violated, at least in spirit, by the trial court's decision to aggravate the sentence on the burglary offense with an element of the felonious assault offense. We find, among other things, that defendant misreads the statute in question. When correctly read, this statute offers no support for defendant's position on this issue, and we overrule this second assignment of error.

As it is used in N.C.G.S. § 15A-1340.4(a)(1), the phrase "the offense" clearly refers to the offense for which the defendant is convicted or to which defendant tenders a plea of guilty. *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983). Here, the trial court did not use any element of the burglary offense to aggravate the sentence on the conviction for burglary. Rather, the trial court employed an element of the joined felonious assault offense — that defendant committed the offense while armed with a deadly weapon — to aggravate defendant's sentence on the burglary conviction. Accordingly, the trial court's decision to aggravate defendant's sentence on the first-degree burglary conviction on the

basis of an element of the joined felonious assault offense, contrary to defendant's claims, is completely consistent with the statute in question.

This Court has specifically held that a trial court may use the possession of a deadly weapon to aggravate the sentence on a burglary conviction, notwithstanding the use of the weapon to commit a separate, though joinable, offense. *State v. Toomer*, 311 N.C. 183, 316 S.E. 2d 66 (1984); *State v. Chatman*, 308 N.C. 169, 301 S.E. 2d 71 (1983). In the *Toomer* case, for example, although he did not use the weapon in order to effect his illegal entry, defendant entered the victim's apartment while armed with a handgun. Thereafter, defendant threatened the victim with the gun during the commission of a sexual assault, and the use of the weapon ultimately was an element of the charged offense of first-degree sexual offense. This Court held that, since defendant possessed the deadly weapon at the time of his commission of the burglary, the trial court properly found the presence of the weapon to be a factor in aggravation of defendant's sentence on the first-degree burglary conviction.

The facts of the case at bar are nearly on all fours with those of *Toomer*. Here, defendant possessed the deadly weapon — namely, a hammer — at the time he illegally entered the victim's mobile home. He subsequently used the hammer in an attack upon the victim which thereafter formed the basis for the felonious assault charge. As in *Toomer*, it was proper for the trial court in this case to use the presence of the deadly weapon as a factor in aggravation of defendant's sentence on the burglary conviction. Defendant's argument is without merit, and his second assignment of error is hereby overruled.

### III.

[3] In his third and final assignment of error, defendant asserts that the trial court committed reversible error in its finding of a nonstatutory factor in aggravation of defendant's sentence on the burglary conviction — specifically, that defendant "had inside information, knowing when that lady was alone in a rural area and took advantage of it with the keys." Defendant argues here that this finding was in essence a finding of the statutory aggravating factor found at N.C.G.S. § 15A-1340.4(a)(1)(n), which provides as follows:

> The defendant took advantage of a position of trust or confidence to commit the offense.

Defendant argues further that there was no evidence presented at the proceeding below to support the trial court's finding of this aggravating factor. We find otherwise, and accordingly, we overrule this last of defendant's assignments of error.

As an initial matter, we note that defendant is plainly incorrect in his assertion that the trial court in fact found the statutory aggravating factor quoted above — namely, that defendant took advantage of a position of trust or confidence. In the record in this matter, this aggravating factor is plainly and clearly *not* indicated by the trial court. In addition, the record quite clearly shows that a nonstatutory aggravating factor — that the defendant had "inside information that the victim was alone in a rural area" — was separately typed on the findings sheet and was therefore explicitly found by the trial court in this instance. Accordingly, the precise issue before the Court pursuant to this assignment of error is whether the trial court committed error in finding the *nonstatutory* aggravating factor in question here. We find that it clearly did not.

Pursuant to the Fair Sentencing Act, the trial court is not confined to consideration of statutory factors only, but may consider nonstatutory factors to the extent they are (1) related to the purposes of sentencing and (2) supported by the evidence in the case. N.C.G.S. § 15A-1340.4(a) (1983). Amongst the purposes of sentencing explicitly identified in N.C.G.S. § 15A-1340.3 are "to protect the public by restraining offenders" and "to provide a general deterrent to criminal behavior." Here, the trial court aggravated defendant's sentence on the basis of defendant's use of information gained as a result of his inquiry to determine whether the victim would be alone and defendant's use of keys surreptitiously copied while they were entrusted to his wife. It is certainly reasonable to conclude that this is the type of behavior from which the public should be protected and from which possible future offenders should be deterred. Thus, the trial court's finding of the nonstatutory aggravating factor in question was clearly related to the purposes of sentencing.

Moreover, it cannot be gainsaid that in this case the trial court's finding was amply supported by the evidence. The State's

evidence in the proceeding below indicated that the victim, who shared a mobile home with her sixteen-year-old daughter, was defendant's next-door neighbor. Approximately two years before the crime, the victim gave an extra set of her mobile home door keys to defendant's wife so that she could walk the victim's dog while the victim was away at her job. Though she eventually retrieved that set of keys, a post-crime search of defendant's home produced a duplicate set. The evidence also showed that, on the day preceding the night of the crime, defendant inquired of the victim as to whether the victim's daughter was staying elsewhere that evening. The trial court acted properly in finding this nonstatutory aggravating factor, and this third and final assignment of error is hereby overruled.

In conclusion, having carefully reviewed the record and each of defendant's assignments of error, we find that the proceeding below was free of error. Accordingly, we leave undisturbed defendant's convictions for first-degree burglary and for assault with a deadly weapon with intent to kill inflicting serious injury and the accompanying sentences.

Affirmed.