STATE OF NORTH CAROLINA v. KEITH BRENT VEST

No. 9010SC940

(Filed 17 December 1991)

1. **Evidence and Witnesses § 481 (NCI4th)— burglary and assault — pretrial one-photo identification — no substantial likelihood of misidentification**
   There was no substantial likelihood of misidentification in a burglary and assault prosecution, and defendant's motion to suppress was properly denied, where the witness was a

flight attendant trained to pay attention to passengers; her attention was directed toward defendant by his unusual behavior while a passenger under her care; his behavior was such as to cause her to immediately deny his request for a vodka and tonic without checking to see if the alcohol was available on the flight, which she would not normally have done; she had occasion to view defendant from a close distance while serving him during the flight; she specifically remembered two men who had been on that flight while reviewing in her mind, prior to talking to the detective, any incidents which may have occurred on that flight about which the sheriff might be interested; her identification of defendant's photo as being one of those men was immediate upon seeing it among the detective's materials and occurred prior to any question or suggestion by the detective; and her identification occurred five days after the flight and one day after she was notified that the Sheriff's Department wished to speak to her concerning some individual who may have been on that flight.

**Am Jur 2d, Evidence § 371.8.**

**Admissibility of evidence of photographic identification as affected by allegedly suggestive identification procedures. 39 ALR3d 1000.**

2. **Assault and Battery § 26 (NCI4th); Burglary and Unlawful Breakings § 57 (NCI4th) — assault and burglary — sufficiency of evidence**

There was sufficient evidence to survive defendant's motion to dismiss and set aside a verdict of guilty of assault and burglary.

**Am Jur 2d, Burglary § 45; Evidence § 1124.**

3. **Criminal Law § 1156 (NCI4th) — burglary — sentencing — armed with deadly weapon — proper aggravating factor**

The trial court did not err when sentencing defendant for first degree burglary by finding as an aggravating factor that defendant was armed with a deadly weapon at the time of the crime. Since being armed with a deadly weapon is not an element of first degree burglary, it may properly be used as a factor in aggravation of the burglary conviction.

**Am Jur 2d, Criminal Law §§ 598, 599.**

STATE v. VEST

[104 N.C. App. 771 (1991)]

APPEAL by defendant from judgment entered 5 March 1990 by *Judge James H. Pou Bailey* in WAKE County Superior Court. Heard in the Court of Appeals 20 August 1991.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Patsy Smith Morgan, for the State.*

*Jean B. Lawson for defendant-appellant.*

JOHNSON, Judge.

Defendant was tried before a jury and convicted of first degree burglary and two counts of assault. The evidence at trial tends to show the following. On Sunday, 23 October 1988 at about 3:30 a.m., Linda Vest was shot twice by an assailant who she encountered in her kitchen. Although both shots were fired from a distance of five feet or less, she was not able to identify her hooded and silent attacker. During the attack, however, she concluded that the assailant was her estranged husband, the defendant, based on her attacker's height and build and her belief that Keith Vest was the only person who would benefit from her death. Following the first shooting, which occurred as Linda entered the kitchen in response to the ringing of the rear doorbell, she was shot again, this time as she attempted to flee the house with her young son in her arms. Despite bullet wounds to the chest and abdomen, Linda was able to carry her son to a neighbor's house where she received assistance.

At the time of the shooting, Linda and Keith Vest were separated and Keith lived and worked in Texas. Linda had last seen defendant on 10 October 1988 at a court hearing where he was ordered to pay child support and temporary alimony and to maintain insurance and later that same day when he came to the house to take his son out for a visit.

At trial, the State presented the testimony of Cathleen LeMaster, a flight attendant for American Airlines. LeMaster identified defendant as a man she had noticed on a flight from Raleigh-Durham to Dallas-Ft. Worth, which left Raleigh at about 8:26 a.m. on Sunday, 23 October 1988. LeMaster testified that defendant was one of two men who attracted her attention on that flight; the first because he was dressed in fatigues, carried a large military duffle bag and had long hair, and the second, whom she identified as defendant, because he appeared to be nervous, sat with his

back to the rest of the passengers and requested a vodka and tonic mixed drink as the breakfast service was being cleared.

The admissibility of LeMaster's identification was challenged at a pre-trial suppression hearing. The testimony presented at the hearing showed that four days after the flight, LeMaster was advised by her base manager that the Wake County Sheriff's Department wanted to talk with her about someone who may have been on the Raleigh to Dallas flight. The next day, 28 October, five days after the flight, LeMaster was interviewed by Detective Duckworth of the Wake County Sheriff's Department. As Duckworth was arranging the various materials he had brought to the interview, LeMaster saw a color photo of defendant and without being asked, identified it as being a photo of one of the men she remembered from the Dallas flight.

I.

[1] Defendant first contends that the court erred in denying his motion to suppress the in-court identification of him by the airline stewardess. Defendant argues that the viewing by LeMaster of the single photo of defendant presented to her by Detective Duckworth was impermissibly suggestive. We disagree.

A pretrial identification procedure can be so unnecessarily suggestive as to require that an in-court identification derived from it be suppressed as violative of a defendant's due process rights. But a pretrial show up, although suggestive and unnecessary, is not *per se* violative of due process. *Manson v. Brathwaite*, 432 U.S. 98, 53 L.Ed.2d 140 (1977). The test is whether there is a substantial likelihood of irreparable misidentification. *State v. Harris*, 308 N.C. 159, 301 S.E.2d 91 (1983).

Whether a pretrial identification procedure is so suggestive as to give rise to a very substantial likelihood of irreparable misidentification must be determined by a consideration of all of the circumstances in each case. Even though a pretrial identification procedure may be suggestive, it will be impermissibly suggestive only if all the circumstances indicate that the procedure resulted in a very substantial likelihood of irreparable misidentification. The factors to be considered include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal;

(4) the level of certainty demonstrated by the witness at the confrontation and (5) the length of time between the crime and the confrontation. (Citations omitted.)

*State v. Lyszaj*, 314 N.C. 256, 264, 333 S.E.2d 288, 294 (1985).

At the suppression hearing, Judge Stephens heard testimony from Ms. LeMaster and Detective Duckworth. He found that the use by Detective Duckworth of the photograph of only one suspect was capable of being suggestive and therefore improper but concluded that under the totality of the circumstances there was no substantial likelihood of a mistaken in-court identification of the defendant and that the witness's identification was of independent origin based on her observation of him during the Dallas flight. He then denied defendant's motion to suppress.

We are bound by the trial court's ruling if there is adequate evidence in the record to support it. *Lyszaj*, 314 N.C. 256, 333 S.E.2d 288; *State v. White*, 311 N.C. 238, 316 S.E.2d 42 (1984). After careful review of the hearing transcript we find that there is adequate evidence to support the court's ruling. Witness LeMaster was a flight attendant trained to pay attention to passengers. Her attention was directed toward defendant by his unusual behavior while a passenger under her care. His behavior was such as to cause her to immediately deny his request for a vodka and tonic without checking to see if the alcohol was available on the flight, something she would not normally have done. She had occasion to view defendant from a close distance while serving him during the flight. When reviewing in her mind, prior to talking with Detective Duckworth, any incidents which may have occurred on that flight about which the sheriff might be interested, she specifically remembered two men who had been on that flight. Her identification of the defendant's photo as being of one of those men was immediate upon seeing it among Detective Duckworth's materials and occurred prior to any question or suggestion by the detective. Her identification of the photo occurred five days after the flight and one day after she was notified that the Sheriff's Department wished to speak to her concerning some individual who may have been on that flight.

We find that there is adequate evidence in the record to support the trial court's conclusion that even though the one photo lineup was improper, it did not result in a substantial likelihood of misidentification. This assignment of error is overruled.

II.

**[2]** Defendant next contends that the trial court erred in denying his motions to dismiss and to set aside the verdict.

A motion to dismiss tests the sufficiency of the evidence.

The test of the sufficiency is the same whether the evidence is circumstantial or direct, or both: the evidence is sufficient to withstand a motion to dismiss and to take the case to the jury if there is "evidence [which tends] to prove the fact [or facts] in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture."

*State v. Jones,* 303 N.C. 500, 504, 279 S.E.2d 835, 838 (1981), *quoting State v. Johnson,* 199 N.C. 429, 431, 154 S.E.2d 730, 731 (1930).

A motion to set aside the verdict as being against the greater weight of the evidence is addressed to the discretion of the court and the court's ruling will not be disturbed absent a showing of an abuse of discretion. *State v. Gilley,* 306 N.C. 125, 291 S.E.2d 645 (1982).

Having reviewed the record and the transcript, we find there is sufficient evidence to survive defendant's motion to dismiss and set aside the verdict. This assignment is overruled.

III.

**[3]** Defendant next contends that the trial judge erred in enhancing his sentence on the burglary conviction. Defendant argues that the sentence could not be enhanced by the finding that defendant used a deadly weapon where the clear object of the burglary was the assault with a deadly weapon. Defendant misstates the facts. The trial judge found as an aggravating factor that "defendant *was armed* with a deadly weapon at the time of the crime." (Emphasis added.)

As properly stated, this contention has been clearly decided against defendant by our Supreme Court in *State v. Taylor,* 322 N.C. 280, 367 S.E.2d 664 (1988) and other cases. *See State v. Toomer,* 311 N.C. 183, 316 S.E.2d 66 (1984); *State v. Chatman,* 308 N.C. 169, 301 S.E.2d 71 (1983). In *Taylor* the Supreme Court considered the prohibition in G.S. § 15A-1340.4(a)(1), which provides that "[e]vidence necessary to prove an element of *the offense* may not

be used to prove any factor in aggravation" (emphasis added). In that case the defendant pled guilty to both first degree burglary and assault with a deadly weapon with intent to kill inflicting serious injury. The trial judge found as an aggravating factor for the burglary conviction, that defendant was armed with a deadly weapon. Thus, the trial court used an element of the felonious assault to enhance defendant's sentence on the burglary conviction. Finding no error, our Supreme Court held that the phrase "the offense" clearly refers to the offense for which the defendant was convicted. Since being armed with a deadly weapon is not an element of first degree burglary, it may properly be used as a factor in aggravation of the burglary conviction.

*Taylor* is directly on point with the facts *sub judice*. This assignment is overruled.

No error.

Judges EAGLES and PARKER concur.