State v. Withers

---

STATE OF NORTH CAROLINA v. ROBERT ENOCH WITHERS

No. 8017SC701

(Filed 3 February 1981)

**Assault and Battery § 13; Criminal Law § 34.7— defendant's conviction of prior offense — admissibility of evidence**

In a prosecution of defendant for carrying a concealed weapon, trespass, and assaulting law enforcement officers with a firearm while in the performance of their duties, trial court did not err in admitting evidence concerning defendant's prior criminal record, since evidence of the prior conviction of defendant for a crime of violence was clearly relevant to the issue of guilt, and all the evidence

relating to the other crime was based on the admission of such crime by defendant made immediately before or during the commission of the crimes charged and tended to show some reason for his threats and assaults on the law officers.

APPEAL by defendant from *Walker (Hal Hammer), Judge.* Judgments entered 28 February 1980 in Superior Court, SURRY County. Heard in the Court of Appeals 4 December 1980.

Defendant was convicted of three misdemeanor charges -- carrying a concealed weapon, possession of marijuana, and trespass, and five felony charges of assaulting law enforcement officers with a firearm while in the performance of their duty. Defendant appeals from judgments imposing five consecutive five-year prison sentences, and from two concurrent six-month sentences on the concealed weapon and trespass charges. Judgment was arrested on the possession of marijuana charge.

The evidence for the State in summary tended to show the following:

On 2 December 1979 about 7:00 p.m., defendant entered the communications room of the Surry County Sheriff's Department where Officer D. R. McKinney was on duty as dispatcher. Defendant requested a record check on his criminal record. McKinney attempted to get the record but was unable to do so. Defendant made several telephone calls, one to a lawyer who had represented him on an assault charge in Greensboro, and he threatened the lawyer's life. Defendant then called the Guilford County Sheriff's Department, threatened an officer on duty, told him he had a .357 magnum and was coming down that night.

Defendant then pulled a pistol from his belt and asked McKinney to check and see if the pistol was wanted. McKinney found no information on the weapon. With gun in hand defendant backed to a corner and made another telephone call. McKinney, by radio, called for assistance.

Deputy Sheriff Belton entered the room. Defendant pointed the gun at Belton and said no one was taking the weapon from him. Sheriff Hall then entered the room and asked defendant to get out of the communications room. Defendant went out to the lobby with Officers Hall and Belton. Several other deputies arrived, and defendant held them at gunpoint for about forty-five minutes, made threats, and bragged about a shoot-out with Greensboro police.

Finally, Sheriff Hall talked defendant into leaving, the pistol still in his hand.

Shortly thereafter the Sheriff was informed that defendant was in The Pantry and refused to leave as requested by the management. Two officers entered The Pantry with guns drawn. As they approached, defendant reached for his gun but did not pull it from his belt. He was arrested.

The telephone calls made by defendant in the communications room were tape recorded. They were admitted in evidence.

Defendant offered no evidence.

*Attorney General Edmisten by Special Deputy Attorney General Isaac T. Avery, III for the State.*

*Royster and Royster by Michael F. Royster for defendant appellant.*

CLARK, Judge

The defendant makes numerous assignments of error which are grouped into several arguments relating to the admission in evidence of his prior criminal record. The record on appeal reveals that Officer McKinney and other officers testified that defendant stated to them he was a convicted felon, and that he had a shoot-out with a bunch of cops in Greensboro. Attorney L. G. Gordon, Jr., testified that on the night in question he received a telephone call from the defendant, who said he was in a sheriff's office, asked why there was no record of his conviction in a Greensboro court, said that he had a .357 magnum and was going to kill him (Gordon), and that he wanted to find Judge Kivett. Gordon also testified that he represented defendant when he was tried and convicted in Greensboro on the charge of assault on a police officer by pointing a gun.

Defendant makes the argument that this evidence of prior conviction was inadmissible under the general rule that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense. Defendant relies on *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), for the general rule and the eight listed *exceptions* to the general rule, and contends that the evidence of his prior conviction was erroneously admitted because the evidence of the other crime does not fall within any of the eight

exceptions. We do not accept defendant's restrictive interpretation of the *McClain* decision. In the recent decision, *State v. Small*, 301 N.C. 407, 272 S.E. 2d 128, 144 (filed 2 December 1980) Justice Exum cited *McClain* to support the following rule of law: "It is, of course, error for the state 'in a prosecution for a particular crime [to] offer evidence tending to show that the accused has committed another distinct, independent, or separate offense' when *the sole purpose* of the evidence is, generally, to show that the defendant is a bad person and, therefore, predisposed to commit criminal acts generally." (Emphasis added.)

We consider the eight listed exceptions to the general rule in *McClain* to be illustrative of circumstances wherein evidence of a separate crime is relevant on the issue of guilt and not limited to the purpose of showing a predisposition to commit the crime charged. Simply stated, the rule is that evidence of the commission of another offense is admissible to prove some other fact logically relevant to the issue of guilt. *See* 1 Stansbury's N.C. Evidence § 91 (Brandis rev. 1973); Sizemore, *Character Evidence in Criminal Cases in North Carolina*, 7 Wake Forest L. Rev. 17, 31 (1970).

In the case before us evidence of the prior conviction of the defendant for a crime of violence in Greensboro was clearly relevant to the issue of guilt. All the evidence relating to the other crime was based on the admission of such crime by defendant made immediately before or during the commission of the crimes and tended to show some reason for his threats and assaults. The elimination of this evidence would have left the jury without any explanation of or reason for the defendant's bizarre criminal conduct. We find no merit in defendant's argument.

We would rate the State's evidence, which included numerous eyewitnesses and tape recordings of defendant's admission, as overwhelming. Under the circumstances the defendant had a difficult burden in showing prejudicial error. It is not reasonably possible that a different result would have been reached at trial if the assigned errors had not been committed. *See* G.S. 15A-1443. We find that defendant had a fair trial free from prejudicial error.

No error.

Judges HEDRICK and WHICHARD concur.