STATE OF NORTH CAROLINA v. HOWARD RAYMOND BREWER, JR.

No. 735A86

(Filed 2 December 1987)

**1. Criminal Law § 138.29— guilty plea to second degree murder—premeditation and deliberation as aggravating factor**

Premeditation and deliberation may be used as an aggravating factor for sentencing a defendant who pled guilty to second degree murder.

**2. Criminal Law § 138.29— second degree murder—premeditation and deliberation as aggravating factor—sufficiency of evidence**

The State's evidence during the sentencing hearing was sufficient to support the trial court's finding of premeditation and deliberation as an aggravating factor for a second degree murder to which defendant pled guilty where it tended to show that the murder was committed in furtherance of defendant's planned robbery of the victim; defendant told his girlfriend's father that he shot the deceased in the mouth and, when deceased fell, then shot him five times in the back of the head; any one of such bullets would have caused the victim's death; and three of the shots were discharged when the firearm was within a matter of inches from the back of the victim's head.

APPEAL of right by defendant pursuant to N.C.R. App. P. 4(d) and N.C.G.S. § 15A-1444(a1) from a judgment imposing a sentence of life imprisonment entered by *DeRamus, J.,* at the 23 September 1986 Criminal Session of Superior Court, FORSYTH County, upon a plea of guilty to murder in the second degree. Pursuant to Rule 30(d) of the Rules of Appellate Procedure, the case was submitted for decision before the Supreme Court on the written briefs.

*Lacy H. Thornburg, Attorney General, by George W. Boylan, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gayle L. Moses, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

Defendant was charged with murder in the first degree and tendered a plea of guilty to murder in the second degree. After conducting a hearing to establish a factual basis for the plea, the trial judge accepted defendant's plea and made findings of aggravating and mitigating factors. Upon the judge's finding that the aggravating factors outweighed the mitigating factors, defendant

was sentenced to life imprisonment. Defendant now assigns as error the trial judge's finding of premeditation and deliberation as a non-statutory aggravating factor.

We are limited on appeals made pursuant to N.C.G.S. § 15A-1444(a1) to the issue of whether the sentence entered is supported by evidence introduced at the trial and the sentencing hearing. *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983). The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. *Id.* at 380, 298 S.E. 2d at 680. We hold that the trial judge had ample evidence from which to find the aggravating factor of premeditation and deliberation.

At the sentencing hearing, the evidence for the State tended to show that on 8 August 1986, the deceased told his wife that he planned to see defendant later that day. The deceased indicated to his brother-in-law that he was going to see defendant and exchange some marijuana for cocaine on the evening of 8 August 1986. The victim's body was found on 9 August 1986 in a ditch. Decedent had been shot in the head five times with an automatic weapon. One of the pockets of his pants had been turned inside out.

The decedent's wife testified that the deceased was carrying about $4,000 when he left home that day. He wore two gold chains, one with a twenty dollar gold piece on it, a diamond watch and a diamond ring. Only the gold chain with the twenty dollar gold piece was found with the body. The testimony of the medical expert disclosed that there were three bullet wounds in the back of the deceased's head, one on the left side of the head and one in the right side of the mouth. According to the medical witness, any one of the bullet wounds could have caused death.

The State further offered the testimony of several witnesses that tended to show that at approximately 11 p.m. on 8 August 1986, a car and truck were seen near the vicinity where the decedent's body was found. One of the witnesses testified to seeing the truck and car pass her mobile home, then to hearing shots and seeing "a flashlight going across the field." Another witness testified to seeing a car and truck pass, go down Beason Road, stay five or ten minutes, then leave. Later, the vehicles returned to the same place, five shots were heard and the vehicles left.

In his argument as to aggravating factors, the prosecutor asked the trial judge to consider two points in finding that the murder was premeditated and deliberated: (1) that the two vehicles seen on the road prior to shots being heard had been seen in the same area earlier that night and on the previous night and, (2) that the deceased had been shot five times. The trial judge found that the murder was premeditated and deliberated. We hold that such a finding by the trial judge was not improper and was supported by the record.

[1] In *State v. Melton*, this Court rejected arguments challenging the use of premeditation and deliberation as an aggravating factor in second degree murder plea situations. We held that a determination by the preponderance of the evidence that defendant premeditated and deliberated the killing was reasonably related to the purposes of sentencing. *Melton*, 307 N.C. 370, 298 S.E. 2d 673. There, this Court held that notwithstanding the plea of guilty to second degree murder, "the fact that defendant premeditated and deliberated the killing was transactionally related to this offense of murder in the second degree and was therefore properly considered by the judge during sentencing." *Id.* at 378, 298 S.E. 2d at 679. That holding is no less applicable today.[1]

Because premeditation and deliberation are not usually susceptible of direct proof, they must generally be established by circumstances from which the facts sought to be proven may be inferred. *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769 (1961). Inquiry as to the circumstances surrounding the actual killing may also be properly considered in establishing such aggravating factors. Accordingly, this Court has held that the number of blows inflicted constitutes a circumstance to be considered in determining whether a killing is committed with premeditation and deliberation. *State v. Love*, 296 N.C. 194, 250 S.E. 2d 220 (1978). Additionally, it has been held that the dealing of lethal blows after the victim has been felled and rendered helpless is evidence from which the trier of fact could infer a defendant's deliberated

---

1. As in *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 n.2 (1983), we note that the *plea* of guilty to second degree murder is fundamentally different from a *conviction* of second degree murder when the defendant has been tried on a charge of first degree murder. There, a jury would have decided that there was insufficient evidence to find beyond a reasonable doubt that defendant had premeditated and deliberated the killing.

and premeditated purpose. *State v. Gladden*, 315 N.C. 398, 340 S.E. 2d 673 (1986).

[2] Here, the State's evidence during the sentencing hearing tended to show that the murder committed by defendant was in furtherance of his planned robbery of the victim. The evidence showed that defendant arranged to exchange with the victim cocaine for marijuana. He was aware that the victim carried a considerable amount of cash on his person. Defendant left to consummate his exchange with only fifty dollars in his pocket. After returning from the scene of the incident, however, defendant gave $2,000 in hundred and twenty dollar bills to his girlfriend. When arrested, defendant was also wearing the gold rope chain necklace belonging to the victim.

Moreover, there was testimony that defendant told his girlfriend's father that he shot the deceased in the mouth and then when the deceased fell, the defendant shot him five times in the back of the head. The State's evidence established that any one of such bullets would have caused the death of the victim and that three of such shots had been discharged when the firearm had been within a matter of inches from the back of the victim's head.

For these reasons, we hold that there was ample evidence to support the trial judge's finding of premeditation and deliberation as an aggravating factor. The judgment of the trial court is therefore affirmed.

Affirmed.