State v. Vandiver

STATE OF NORTH CAROLINA v. MILDRED WATKINS VANDIVER

No. 8812SC693

(Filed 7 February 1989)

1. **Criminal Law § 138.29 — second degree murder — aggravating factor — premeditation and deliberation**

    The State was not estopped from asserting premeditation and deliberation as an aggravating factor for second degree murder where the indictment charged only second degree murder and the jury did not pass on the element of premeditation and deliberation.

2. **Criminal Law § 138.14 — second degree murder — aggravating factor not found by preponderance of evidence — no resentencing**

    It is unlikely that the sentencing judge (who had not been the trial judge) at a resentencing hearing for second degree murder was able in fifteen minutes to give the pertinent portions of the entire trial transcript such adequate review as to allow him to find premeditation and deliberation by a preponderance of the evidence. Moreover, fundamental fairness and due process considerations require that this defendant not be required to again meet the risk of other findings in aggravation and the case was remanded for imposition of a sentence not to exceed the presumptive sentence.

    Judge BECTON concurring in the result.

APPEAL by defendant from *Herring, D. B., Jr., Judge.* Judgment entered 25 February 1988 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 8 December 1988.

Defendant was charged with and convicted of second degree murder. The trial judge, Honorable Henry W. Hight, Jr., found as the sole factor in aggravation that defendant had perjured herself at trial and sentenced defendant to life imprisonment, a sentence in excess of the presumptive sentence. Upon appeal of that sentence to our Supreme Court, that Court held that perjury could no longer be used as a non-statutory aggravating factor in North Carolina and awarded defendant a new sentencing hearing. *See State v. Vandiver,* 321 N.C. 570, 364 S.E. 2d 373 (1988).

Defendant's new sentencing hearing was held before Judge Herring. At that hearing, the district attorney urged the trial court to find the non-statutory factor of premeditation and deliberation. The trial court made this finding, found two mitigating factors, and sentenced defendant to thirty years' imprisonment, a

term in excess of the presumptive. Defendant now appeals from this sentence.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Edmond W. Caldwell, Jr., for the State.*

*Office of the Appellate Defender, by Assistant Appellate Defender Staples Hughes, for defendant-appellant.*

WELLS, Judge.

[1]  Defendant presents two questions in this appeal. In her second argument, defendant contends that the State should be "estopped" from asserting premeditation and deliberation as an aggravating factor in sentencing on a conviction of second degree murder based on an indictment which only charges second degree murder. In support of this argument, defendant relies chiefly upon the reasoning and result reached by our Supreme Court in *State v. Marley*, 321 N.C. 415, 364 S.E. 2d 133 (1988). We find *Marley* to be inapposite to this case and reject defendant's argument.

In *Marley*, the defendant was charged with first degree murder and was tried for that offense, but was convicted of second degree murder. The trial judge then found as a factor in aggravation that Marley acted with premeditation and deliberation [in the murder of the victim] and sentenced Marley to imprisonment for life, a sentence in excess of the presumptive. In reversing the trial court on this factor, the Supreme Court reasoned as follows:

> To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself.

> We conclude that due process and fundamental fairness precluded the trial court from aggravating [the] defendant's second degree murder sentence with the single element— premeditation and deliberation—which, in this case, distinguished first degree murder after the jury had acquitted defendant of first degree murder.

In the case now before us, this reasoning simply does not apply, because the jury in this case did not pass upon the element of premeditation and deliberation. We conclude that this question in this case is controlled by *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983), and its progeny, where the Court has approved the application of this factor in aggravation where defendants have pleaded guilty to second degree murder, *see Marley, supra*, and that in cases such as the one now before us, the factor can be used if supported by a preponderance of the evidence.

[2]  Defendant also contends that at her resentencing hearing the disputed factor in aggravation — premeditation and deliberation — was not supported by a preponderance of the evidence. We agree. To properly dispose of this issue, it is necessary for us to relate in some detail the pertinent events which transpired at defendant's resentencing hearing. The players are Honorable Calvin W. Colyer, Assistant District Attorney for the Twelfth Judicial District; Stephen Freedman, Esquire, defendant's counsel; and Judge Herring.

> COURT: The State then may proceed with any evidentiary matter on the Sentencing Hearing.
>
> MR. COLYER: . . . The evidence for the State would be by way of directing the Court's attention to the trial transcript and portions there, testimony given under oath by certain witnesses and argument. We will have no formal presentation.
>
> COURT: Very well. Do you intend to read into the record certain portions of the trial transcript?
>
> MR. COLYER: Yes, sir. I will be very brief in that regard and attempt to direct those entries as per witness, page, and then just cite *relevant* (emphasis added) portions.
>
> COURT: Very well, sir.
>
> MR. COLYER: And I do have a copy of the transcript that I will be glad to pass up to the Court. . . .
>
> COURT: Very well. I will ask that you cite page and line number.
>
> . . .

MR. COLYER: . . . First of all, I would direct the Court's attention to page one eighty-four, this is in the transcript portion of the victim's mother, Shirley Haldven's testimony.

COURT: Line number?

MR. COLYER: . . . And for the record, I would quote transcript of page one eighty-four, line number seven in the middle of the line, 'The man hollered, he hollered and said, Go ahead and do it if you're going to do it and she comes [sic] out with a knife. She said, No [expletive] is going to tell me I am not allowed play [sic] my [expletive] music, and she come [sic] out and stabbed him.'

. . .

MR. COLYER: . . . On the next page, your Honor, of the transcript, page one eighty-five, beginning at line number fifteen: 'Where was Paul Hair, at the time?'

Line sixteen: ANSWER: 'He was in the room. He hollered and told her to go ahead and do it if you're going to do it.'

And then, at the bottom of that page, line twenty-four, when asked at line twenty-three, 'How was she holding it,' referring to the knife, and she said, and, again, this is Mrs. Haldven, line twenty-four, 'She just come [sic] back out of the room down the hall stabbing him (demonstrating).'

Your Honor, for purposes of this Resentencing Hearing, we would offer the testimony in the transcript as noted of Shirley Haldven . . . .

. . .

MR. COLYER: . . . Those would be the . . . entries in the trial transcript that we would offer by way of trial testimony . . . to support our argument for aggravating factors, the first one being premeditation and deliberation. . . .

To place the facts of this case in more complete context, we refer to the factual summary in our Supreme Court's opinion in *State v. Vandiver, supra,* and we note that the original trial transcript, consisting of three hundred eighty-two pages reflects a three day trial involving the testimony of ten witnesses for the State and one for the defendant.

In response to the State's position at the resentencing hearing, defendant's counsel argued vigorously and at length that it was not appropriate to find the factor in aggravation of premeditation and deliberation. We quote one very pertinent statement:

> MR. FREEDMAN: . . . Again, I think, to simply pick out portions of the transcript are [sic] not exactly what the Supreme Court had in mind when they found that aggravating factors has [sic] to be supported by the preponderance of the evidence.

Subsequent to the introduction of copies of the above-referenced pages of the trial transcript into evidence and further argument of counsel, the resentencing hearing transcript reflects the following events:

> COURT: I am going to take about fifteen minutes so I can review the case decision, as well as the *State v. Brewer* (emphasis in the original) before making findings. Court is in recess for about fifteen minutes.

Following the fifteen minute recess, the trial judge made the following pertinent remarks:

> COURT: . . . [T]aking into consideration the evidence presented both by the State and the Defendant and the argument of counsel, the Court finds . . . by a preponderance of the evidence that the crime was committed with premeditation and deliberation . . . .

N.C. Gen. Stat. § 15A-1340.4(a) (1988) (the Fair Sentencing Act) provides in pertinent part:

> . . . If the judge imposes a prison term . . . he must impose the presumptive term . . . unless, after consideration of aggravating or mitigating factors, or both, he decides to impose a longer or shorter term. . . . In imposing a prison term, the judge, under the procedures provided in G.S. 15A-1334(b), may consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence . . . .

With respect to what meets the Fair Sentencing Act "preponderance" test, our Supreme Court provided the following standards in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983):

The sentencing judge's discretion to impose a sentence within the statutory limits, but greater or lesser than the presumptive term, is carefully guarded by the requirement that he make written findings in aggravation and mitigation, which findings must be proved by a preponderance of the evidence; that is, by the greater weight of the evidence. We are guided in our definition of the term preponderance of the evidence by the following statement which, although generally applied in civil cases, is no less appropriate for a sentencing hearing where the judge sits in a dual capacity as judge and jury:

'This preponderance does not mean number of witnesses or volume of testimony, but refers to the reasonable impression made upon the minds of the jury by the entire evidence, taking into consideration the character and demeanor of the witnesses, their interest or bias and means of knowledge, and other attending circumstances.' . . . There would seem to be great merit in the suggestion that what is meant by the formula is that the jury should be satisfied of the greater *probability* of the proposition advanced by the party having the burden of persuasion — i.e., that it is more probably true than not.

2 Stansbury's North Carolina Evidence § 212 (Brandis Rev. 1973).

The Fair Sentencing Act was not intended, however, to remove all discretion from our able trial judges. The trial judge should be permitted wide latitude in arriving at the truth as to the existence of aggravating and mitigating circumstances, for it is only he who observes the demeanor of the witnesses and hears the testimony.

This standard must be applied even more stringently where the sentencing judge is not the trial judge, and more particularly to such a subjective element as premeditation and deliberation.

We agree with defendant's contention that it is unlikely that in fifteen minutes the sentencing judge in this case was able to give the pertinent portions of the entire trial transcript such adequate review as to allow him to find premeditation and delibera-

tion by a preponderance of the evidence. We therefore reverse this finding.

We further conclude that fundamental fairness and due process considerations require that this defendant not be required to again meet the risk of other findings in aggravation. As the sentencing court found two factors in mitigation which are not contested, we remand this case for resentencing, for the imposition of a sentence not to exceed the presumptive sentence. *See State v. Frazier*, 50 N.C. App. 547, 342 S.E. 2d 534 (1984), where we reversed the one factor found in aggravation, and there having been no factors found in mitigation, we remanded for imposition of the appropriate presumptive sentence.

Remanded for resentencing.

Judge JOHNSON concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

I am not convinced that *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983) controls and that *State v. Marley*, 321 N.C. 415, 364 S.E. 2d 133 (1988) is inapposite. Indeed, because it is easier, as a legal proposition, for a trial judge to find an aggravating factor using a "preponderance of the evidence" standard than it is for a juror to find premeditation and deliberation using a "beyond a reasonable doubt" standard, I am loathe to concur in an opinion that theoretically would permit the State, in a weak first degree murder case, to indict and convict a defendant of second degree murder and then, at sentencing, to convince the trial judge to find premeditation and deliberation as an aggravating factor. Nevertheless, I concur in the result reached by the majority, since the case is remanded for resentencing on other grounds.