STATE OF NORTH CAROLINA v. MILDRED WATKINS VANDIVER

No. 101PA89

(Filed 1 March 1990)

1. **Criminal Law § 1123 (NCI4th)— second degree murder— resentencing—non-statutory aggravating factor—premeditation and deliberation**

   The trial court did not err when resentencing defendant for second degree murder by finding the non-statutory aggravating factor of premeditation and deliberation as a basis for a sentence greater than the presumptive term where there was an initial charge and subsequent conviction of second degree murder, so that there was no jury determination of whether the murder was committed with premeditation and deliberation. Where a defendant is convicted on an indictment charging only second degree murder, a determination by the preponderance of the evidence that defendant premeditated and deliberated the killing is reasonably related to the purposes of sentencing and a sentencing judge is not barred from using premeditation and deliberation as an aggravating factor.

   **Am Jur 2d, Criminal Law §§ 598, 599.**

2. **Criminal Law § 1123 (NCI4th)— second degree murder— resentencing—aggravating factor—premeditation and deliberation**

   The Court of Appeals erred by concluding that it was unlikely that the trial judge at a resentencing hearing for second degree murder had been able to give the pertinent portions of the trial transcript adequate review before finding premeditation and deliberation as an aggravating factor where, although the record supported only a fifteen minute recess to review the case law and make findings, the trial court appeared to be familiar with the transcript; it was apparent that the judge had devoted a substantial amount of time to the case prior to the fifteen minute recess; and the evidence was sufficient to support the sentencing judge's finding by a preponderance of the evidence.

   **Am Jur 2d, Criminal Law §§ 598, 599.**

**3. Criminal Law § 1079 (NCI4th) — resentencing — consideration of other aggravating factors — de novo proceeding**

Although the question of whether the Court of Appeals could prohibit a judge from making other findings in aggravation at a resentencing hearing did not have to be reached, it was noted that ordinarily a resentencing hearing is a *de novo* proceeding at which the trial judge may find aggravating and mitigating factors without regard to the findings made at the prior hearing.

**Am Jur 2d, Criminal Law §§ 580, 583.**

ON discretionary review upon petitions filed by both the State and defendant pursuant to N.C.G.S. § 7A-31 from a decision of the Court of Appeals, 92 N.C. App. 695, 376 S.E.2d 17 (1989), which remanded for resentencing a judgment entered by *Herring, J.,* on 25 February 1988 in Superior Court, CUMBERLAND County. Heard in the Supreme Court 15 November 1989.

*Lacy H. Thornburg, Attorney General, by Charles M. Hensey, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for defendant.*

FRYE, Justice.

This case raises questions concerning the role of the sentencing judge as it relates to the finding of a non-statutory aggravating factor at a resentencing hearing. Defendant was charged in a proper bill of indictment with second degree murder. She was convicted of second degree murder and sentenced to life imprisonment, a sentence in excess of the presumptive term. On appeal, defendant's conviction was upheld by this Court, but the Court remanded for a new sentencing hearing because a non-statutory aggravating factor that defendant's testimony was perjured was erroneously used. *State v. Vandiver,* 321 N.C. 570, 364 S.E.2d 373 (1988). At the resentencing hearing, the trial court found the non-statutory aggravating factor of premeditation and deliberation, found two mitigating factors, and sentenced defendant to thirty years imprisonment, a sentence also in excess of the presumptive term.

On appeal to the Court of Appeals, defendant contended: 1) the evidence was insufficient as a matter of law to support the

sentencing court's finding that the crime was committed with premeditation and deliberation; and 2) the State should be estopped from asserting premeditation and deliberation as an aggravating factor in sentencing on a conviction of second degree murder based on an indictment alleging only second degree murder. The Court of Appeals rejected defendant's second contention but nevertheless concluded that the disputed factor in aggravation—premeditation and deliberation—was not supported by a preponderance of the evidence. Concluding that "fundamental fairness and due process considerations require that this defendant not be required to again meet the risk of other findings in aggravation," the Court of Appeals remanded the case for resentencing "for imposition of a sentence not to exceed the presumptive sentence." *State v. Vandiver*, 92 N.C. App. 695, 701, 376 S.E.2d 17, 20 (1989). The State and defendant filed petitions for discretionary review of the Court of Appeals' decision. This Court allowed both petitions on 5 May 1989.

The State's petition for discretionary review presents two questions:

1. May the appellate court substitute its discretion or judgment for the judgment of the sentencing judge in determining the existence of aggravating factors?

2. May the appellate court *ex mero motu* prohibit the resentencing court from conducting a resentencing hearing *de novo*?

Defendant's petition for discretionary review presents the question of whether a sentencing judge is barred from using premeditation and deliberation as an aggravating factor in sentencing upon a verdict of second degree murder based on an indictment alleging only second degree murder.

[1] We first consider the question raised by defendant's petition. We begin with this Court's decision in *State v. Melton*, 307 N.C. 370, 298 S.E.2d 673 (1983). Although the indictment in *Melton* would have supported a conviction of murder in the first degree as well as murder in the second degree, the State agreed not to try defendant for murder in the first degree in exchange for defendant's plea to guilty of murder in the second degree. *Id.* at 372-73, 298 S.E.2d at 676. At the sentencing hearing, the judge found one aggravating factor, that "the killing occurred after defendant premeditated and deliberated the killing." *Id.* at 372, 298 S.E.2d

STATE v. VANDIVER

[326 N.C. 348 (1990)]

at 675. On appeal defendant argued that "fundamental fairness requires that facts underlying charges which have been dismissed pursuant to a plea bargain cannot be used during sentencing for the admitted charge." *Id.* at 376, 298 S.E.2d at 678. Noting that the mere fact that a guilty plea has been accepted pursuant to a plea bargain does not preclude a sentencing court from reviewing all of the circumstances surrounding the admitted offense in determining the presence of aggravating or mitigating factors, this Court held that "[a]s long as they are not elements essential to the establishment of the offense to which the defendant pled guilty, all circumstances which are transactionally related to the admitted offense and which are reasonably related to the purposes of sentencing must be considered during sentencing." *Id.* at 378, 298 S.E.2d at 679 (citations omitted). The Court went on to hold that although the State agreed not to prosecute defendant for murder in the first degree, the fact that he premeditated and deliberated the killing was transactionally related to the second degree murder conviction and was therefore properly considered by the jury during sentencing. *Id.*

Our decision in *Melton* was followed by this Court in *State v. Brewer*, 321 N.C. 284, 362 S.E.2d 261 (1987). In *Brewer*, defendant was charged with murder in the first degree and entered a plea of guilty to murder in the second degree. Upon being sentenced to life imprisonment, defendant appealed to this Court assigning as error the trial judge's finding of premeditation and deliberation as a non-statutory aggravating factor. We held that the fact that defendant premeditated and deliberated the killing was transactionally related to the second degree murder conviction and was therefore properly considered by the sentencing judge. *Id.* at 286, 362 S.E.2d at 262. Both *Melton* and *Brewer* hold that a determination by the preponderance of the evidence that defendant premeditated and deliberated the killing is reasonably related to the purposes of sentencing. *Melton*, 307 N.C. at 378, 298 S.E.2d at 679; *Brewer*, 321 N.C. at 286, 362 S.E.2d at 262. Therefore, a sentencing judge is not precluded from finding premeditation and deliberation as an aggravating factor even though the State has accepted a defendant's plea of guilty to second degree murder.

In both *Melton* and *Brewer*, we noted that a *plea* of guilty to second degree murder is fundamentally different from a *conviction* of second degree murder when the defendant has been *tried on a charge of first degree murder*. *Id.*

In *State v. Marley*, 321 N.C. 415, 364 S.E.2d 133 (1988), the defendant was tried before a jury on a charge of murder in the first degree and convicted of murder in the second degree. On appeal to this Court, defendant contended that the sentencing judge was precluded by considerations of due process from finding as an aggravating factor that defendant acted with premeditation and deliberation. This Court agreed, reasoning as follows:

> To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself.

> We conclude that due process and fundamental fairness precluded the trial court from aggravating defendant's second degree murder sentence with the single element — premeditation and deliberation — which, in this case, distinguished first degree murder after the jury had acquitted defendant of first degree murder.

*Id.* at 425, 364 S.E.2d at 139.

In the instant case, defendant contends that whether premeditation and deliberation may be used as an aggravating factor in sentencing a defendant charged with second degree murder and convicted of second degree murder is controlled by *Marley*. She contends that since it is unfair to find an aggravating factor of premeditation and deliberation when the jury has acquitted the defendant of first degree murder based on premeditation and deliberation then it is equally unfair to find that same aggravating factor when the defendant is originally indicted and charged only with second degree murder. We conclude that an initial charge and subsequent conviction of murder in the second degree is controlled by *Melton* and *Brewer* rather than *Marley*.

In *Marley*, the jury found defendant not guilty of first degree murder based on premeditation and deliberation. The sentencing judge was then precluded from using that element to enhance defendant's sentence because the conviction of the lesser included offense of second degree murder acquitted defendant of the greater offense of first degree murder. *Id.* at 424, 364 S.E.2d at 138. However, unlike *Marley*, in the instant case there is no jury determination

as to whether the murder was committed with premeditation and deliberation.

The instant case is more like *Melton* and *Brewer* where the prosecutors accepted pleas of guilty to second degree murder although the indictments permitted prosecution for first degree murder based on premeditation and deliberation. In both cases we held that acceptance of the plea of guilty to the lesser included offense of second degree murder did not prevent the sentencing judge from finding premeditation and deliberation as a non-statutory aggravating factor and using that factor as a basis for a sentence greater than the presumptive term. *Brewer*, 321 N.C. at 286, 362 S.E.2d at 262.

We hold that where a defendant is convicted on an indictment charging only second degree murder, a determination by the preponderance of the evidence that defendant premeditated and deliberated the killing is reasonably related to the purposes of sentencing. Therefore, a sentencing judge is not barred from using premeditation and deliberation as an aggravating factor in such a case.

[2] We next consider questions raised by the State's petition. The State contends essentially that the Court of Appeals substituted its judgment for that of the sentencing judge in determining whether aggravating factors existed so as to permit a sentence in excess of the presumptive term. Defendant was before the sentencing judge for resentencing pursuant to the remand from this Court. This Court had awarded a new sentencing hearing because the initial sentencing judge incorrectly found as a non-statutory aggravating factor that defendant perjured herself at trial, and used that factor as a basis for sentencing defendant to life imprisonment, a sentence in excess of the presumptive term for second degree murder. At the resentencing hearing the judge found the non-statutory aggravating factor of premeditation and deliberation and upon a determination that this aggravating factor outweighed the mitigating factors sentenced defendant to thirty years imprisonment, a sentence also in excess of the presumptive term. The Court of Appeals concluded that it was unlikely that in fifteen minutes the sentencing judge was able to give the pertinent portions of the entire trial transcript adequate review so as to allow him to find premeditation and deliberation by a preponderance of the evidence. *Vandiver*, 92 N.C. App. at 700, 376 S.E.2d at 20. The

court reached this conclusion after reviewing the preponderance of the evidence standard which gives to the trial judge "wide latitude in arriving at the truth as to the existence of aggravating and mitigating [factors] . . . ." *Id.* (quoting *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983) ). "This standard," the court said, "must be applied even more stringently where the sentencing judge is not the trial judge, and more particularly to such a subjective element as premeditation and deliberation." *Vandiver*, 92 N.C. App. at 700, 376 S.E.2d at 20.

The specific question before the Court of Appeals was whether the disputed factor in aggravation — premeditation and deliberation — was supported by a preponderance of the evidence. The assistant district attorney announced that the evidence at the resentencing hearing "would be by way of directing the court's attention to the trial transcript and portions there, testimony given under oath by certain witnesses and arguments. We will have no formal presentation." The State then presented the trial transcript to the court, calling the court's attention to specific pages "to support our argument for aggravating factors, the first one being premeditation and deliberation." *Id.* at 698, 376 S.E.2d at 19. Defense counsel objected to this procedure, essentially contending that the sentencing judge could not find an aggravating factor by a preponderance of the evidence by reading portions of the trial transcript. The resentencing hearing continued with the defendant presenting such evidence as he desired to rebut the aggravating factors and support mitigating factors. The judge then announced that he would take about fifteen minutes to "review the case decision, as well as the *State v. Brewer* . . . before making findings." *Id.* at 699, 376 S.E.2d at 19-20. Following the fifteen minute recess, the trial judge made the following pertinent remarks:

> COURT: [T]aking into consideration the evidence presented both by the State and the Defendant and the argument of counsel, the Court finds . . . by a preponderance of the evidence that the crime was committed with premeditation and with deliberation . . . .

*Id.* at 699, 376 S.E.2d at 20.

We are unable to say that the judge's finding of the aggravating factor of premeditation and deliberation was not supported by the

preponderance of the evidence. We first note that the judge appeared to be familiar with the transcript. For example, when the prosecutor referred to the testimony of a specific witness, the sentencing judge supplied the name of that witness. Secondly, while the record only supports a fifteen minute recess to review the case law and make findings, it is apparent that the judge had devoted a substantial amount of time to the case prior to the fifteen minute recess. Finally, the only testifying eyewitness to the murder, other than defendant, testified that defendant came out of her apartment armed with a knife and stabbed the victim who was standing with his hands in his pockets, after defendant's boyfriend urged her to "[g]o ahead and do it if you're going to." Defendant testified that she did not kill the victim, that her boyfriend was the perpetrator. The question for the sentencing judge was one of credibility. In making this determination, the judge was aided by the jury's finding that defendant murdered the victim, a finding of at least some credibility on the part of the eyewitness to the crime. This same witness gave testimony detailing circumstances leading up to the actual stabbing tending to show that defendant in fact premeditated and deliberated the killing. This evidence was sufficient to support the sentencing judge's finding by a preponderance of the evidence that the crime was committed with premeditation and deliberation. The Court of Appeals erred in finding to the contrary. *See generally State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689.

[3] The State's second question concerns whether the Court of Appeals could prohibit the judge at the sentencing hearing from making other findings in aggravation. Although that question does not have to be reached since there will not be another resentencing hearing in this case, we note that ordinarily a resentencing hearing is a *de novo* proceeding at which the trial judge may find aggravating and mitigating factors without regard to the findings made at the prior sentencing hearing. *State v. Jones*, 314 N.C. 644, 336 S.E.2d 385 (1985).

In summary, we agree with the Court of Appeals that the State is not estopped from asserting premeditation and deliberation as an aggravating factor in this case. We reject the Court of Appeals' conclusion that the disputed factor in aggravation— premeditation and deliberation—is not supported by a preponderance of the evidence. The decision of the Court of Appeals remanding

this case for resentencing is reversed and the judgment of the trial court is reinstated.

Reversed.