STATE OF NORTH CAROLINA v. LISA REBECCA JOSEY

No. 117A89

(Filed 2 May 1991)

1. Criminal Law § 1120 (NCI4th) — possession of stolen property — aggravating factor — victim seriously injured

The trial court did not err when sentencing defendant for possession of stolen property by finding in aggravation

STATE v. JOSEY

[328 N.C. 697 (1991)]

that defendant received this property as a result of a crime in which defendant participated and in which the victim received serious injuries. N.C.G.S. § 15A-1340.4(a) and N.C.G.S. § 15A-1340.3 do not require that factors which increase the defendant's culpability be a part of the actions which constitute the crime in order to be aggravating factors. Moreover, although defendant contended that evidence of how the property was obtained could not be used to find the aggravating factor because knowledge by defendant that the property was stolen was an element of the crime to which defendant pled guilty, the injuries sustained by the victim are not an element of possession of stolen property.

**Am Jur 2d, Criminal Law §§ 598, 599.**

2. **Criminal Law § 1120 (NCI4th) — possession of stolen property — aggravating factor — victim injured in robbery — knowledge of injury**

The trial court did not err when sentencing defendant for possession of stolen property by finding in aggravation that the victim was seriously injured even though defendant contended that the evidence did not show that she knew that the victim was injured. There is a likelihood of violence in a common law robbery and a person taking part in a common law robbery as an accomplice can be held responsible for any violence which ensues.

**Am Jur 2d, Criminal Law §§ 598, 599.**

3. **Criminal Law § 1099 (NCI4th) — possession of stolen property — aggravating factor — involvement in robbery — no error**

The trial court did not err when sentencing defendant for possession of stolen property by using her involvement in the robbery to enhance her sentence where she had plea bargained for the dismissal of the common law robbery charge. There was sufficient evidence to have convicted defendant of common law robbery.

**Am Jur 2d, Criminal Law §§ 598, 599.**

4. **Criminal Law § 83 (NCI3d) — possession of stolen property — sentencing — testimony of husband compelled against wife — error**

The trial court erred in the sentencing hearing for possession of stolen property by compelling defendant's husband to

testify as to a conversation with his wife shortly before the robbery. N.C.G.S. § 8-57.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL as of right by the State pursuant to N.C.G.S. § 7A-30(2) and on discretionary review by petition of the defendant to an unpublished opinion by a divided panel of the Court of Appeals, 92 N.C. App. 757, 377 S.E.2d 825 (1989), vacating a sentence by *Brannon, J.*, at the 14 December 1987 Criminal Session of Superior Court, ORANGE County. Heard in the Supreme Court 14 November 1989.

The defendant Lisa Rebecca Josey pled guilty to one count of possession of stolen property and two counts of uttering a forged instrument. Her plea was entered pursuant to a plea bargain under which a charge of common law robbery against her was dismissed and the State agreed to take no stance as to sentencing. The defendant's husband Ernest Marvin Josey pled guilty to common law robbery and credit card theft. The charges against them grew from the same incident and the cases were consolidated for sentencing hearings over the objection of the defendant.

The evidence at the sentencing hearing showed that Ruth Baldwin was walking on a sidewalk in Chapel Hill when Ernest Josey, the defendant's husband, knocked her down and took her purse. As a result of the struggle, Ms. Baldwin lost five teeth and suffered injury to her jaw. Ernest Josey ran to an automobile which his wife was driving and the two of them went to their home where they emptied the purse. Lisa Josey later cashed forged checks which came from the purse.

In sentencing the defendant for the possession of stolen property, the court found in mitigation that the defendant had no record of criminal convictions. It found as an aggravating factor that "[d]efendant seriously injured the victim Ruth Baldwin, from whom this credit card had been taken, by her conduct of either aiding and abetting or acting in concert with Ernest Josey, in the robbery and assault upon Ruth Baldwin." The court found the aggravating factor outweighed the mitigating factor and sentenced the defendant to seven years in prison. The presumptive sentence for this offense is three years. In the two uttering cases the court imposed the presumptive sentence of two years. All the sentences were to be served consecutively.

STATE v. JOSEY

[328 N.C. 697 (1991)]

The Court of Appeals held that it was error to find as an aggravating factor that the defendant seriously injured Ruth Baldwin and remanded for a new sentencing hearing. There was a dissenting opinion and the State appealed as a matter of right. We allowed the defendant's petition for discretionary review to determine whether the defendant's husband could be compelled to testify to certain transactions between the two of them.

*Lacy H. Thornburg, Attorney General, by Elisha H. Bunting, Jr., Special Deputy Attorney General, and D. Sigsbee Miller, Assistant Attorney General, for the State appellant.*

*George P. Doyle for defendant appellant and appellee.*

WEBB, Justice.

[1]    The first question brought to the Court by this appeal involves the propriety of an aggravating factor found by the superior court. The Court of Appeals held that it was error for the superior court to find as an aggravating factor that the defendant seriously injured Ruth Baldwin. The Court of Appeals, relying on *State v. Melton,* 307 N.C. 370, 298 S.E.2d 673 (1983), held that in order to properly find an aggravating factor from an offense which has been dismissed, the factor must be transactionally related to the offense for which the defendant is being sentenced. The Court of Appeals held that to be transactionally related to the offense for which the defendant is being sentenced, the aggravating factor must be functionally associated with such an offense; that is that the aggravating factor is not a constituent element of the offense but rather is associated with it. The Court of Appeals held that based on this test, inflicting serious injury is not transactionally related to the possession of stolen property.

In determining whether an aggravating factor is properly found, we look to the statute. N.C.G.S. § 15A-1340.3 provides:

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

N.C.G.S. § 15A-1340.4(a) provides in part:

> In imposing a prison term, the judge . . . may consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or not such aggravating or mitigating factors are set forth herein[.]

N.C.G.S. § 15A-1340.4(a) provides a judge may consider aggravating factors "that are reasonably related to the purposes of sentencing." N.C.G.S. § 15A-1340.3 provides that "factors that may . . . increase the offender's culpability" may be taken into account as part of the "purposes of sentencing." As we read these two statutes they do not require that factors which increase the defendant's culpability be a part of the actions which constitute the crime in order to be.aggravating factors. The defendant pled guilty to possession of stolen property. She received this property as the result of a crime in which she participated and in which the victim received serious injuries. Under the statute this increased her culpability. This aggravating factor was properly found by the superior court.

Our holding in this case is consistent with *State v. Melton,* 307 N.C. 370, 298 S.E.2d 673; *State v. Brewer,* 321 N.C. 284, 362 S.E.2d 261 (1987); and *State v. Taylor,* 322 N.C. 280, 367 S.E.2d 664 (1988), upon which the defendant relies. In *Melton* and *Brewer* we held that the sentence upon a plea of second degree murder could be enhanced by a finding in aggravation that the killing was with premeditation and deliberation. We held that premeditation and deliberation in each case was transactionally related to the crime. We did not say that to be transactionally related the aggravating factors must be "functionally associated with the underlying act on which the admitted offense is based." In *Taylor* we held a sentence for first degree burglary could be enhanced by the aggravating factor that the defendant was armed with a deadly weapon at the time of the crime. There was no discussion as to whether the aggravating factor was transactionally related to the crime.

The defendant also argues that one element of the possession of stolen property is knowledge by the defendant that the property was stolen. This being an element of the crime to which the defendant pled guilty, the defendant argues evidence of how the property was obtained may not be used to find an aggravating factor. *State v. Raines,* 319 N.C. 258, 354 S.E.2d 486 (1987); *State v. Blackwelder,*

309 N.C. 410, 306 S.E.2d 783 (1983); *State v. Abdullah*, 309 N.C. 63, 306 S.E.2d 100 (1983). The injury sustained by Ruth Baldwin is not an element of the possession of stolen property. *See State v. Davis*, 302 N.C. 370, 275 S.E.2d 491 (1981), for the elements of possession of stolen property. The evidence of injury to Ms. Baldwin was properly considered.

[2] The defendant also argues that the evidence shows she did not know that Ruth Baldwin was injured. She says, relying on *State v. Baynard*, 79 N.C. App. 559, 339 S.E.2d 810 (1986), that the evidence did not support the finding of the aggravating factor that she seriously injured Ruth Baldwin. In *Baynard* the defendant was convicted of attempting to obtain a controlled substance by fraud and forgery. The evidence showed that after the defendant was unable to get a forged prescription filled, as she left the drugstore with her husband a policeman stopped them. Her husband drew a pistol and fired at the policeman who returned the fire. The policeman was wounded and the husband was killed. The superior court found as an aggravating factor that the defendant, while attempting to commit the crime, was accompanied by an armed person who shot an officer in an attempt to help the defendant escape, and the defendant knew her accomplice was armed. The Court of Appeals found that there was no evidence the defendant knew her husband was armed or that he intended to use a weapon.

The defendant argues that there was no evidence that she knew anyone would be injured in the robbery and under *Baynard* the aggravating factor was not properly found. *Baynard* is distinguishable from this case. In a common law robbery there is a likelihood of violence. In an attempt to obtain a controlled substance by fraud or forgery there is not. When a person takes part in a common law robbery as an accomplice he or she can be held responsible for any violence which ensues.

[3] The defendant also argues that when she plea bargained so that the common law robbery charge was dismissed, the State should not be allowed to use her involvement in the robbery to enhance her sentence in another case. She distinguishes *Melton* by saying that in *Melton* and in all the cases upon which it relies, there was a real possibility the defendant would be found guilty on the charge which was dismissed. In this case, says the defendant, there would not have been sufficient evidence to convict her on the common law robbery charge. In *Melton*, says the defendant,

the dismissal was of some benefit to the defendant. In this case it was not. We believe there was sufficient evidence to have convicted the defendant of common law robbery. .

We hold that the aggravating factor was properly found.

[4] The defendant next assigns error to what she says was her husband's being compelled to testify against her in violation of N.C.G.S. § 8-57. When Ernest Marvin Josey was testifying the presiding judge questioned him as to a conversation between him and his wife shortly before the robbery. Ernest Josey testified that the idea for the robbery originated with his wife and that she told him to get out of the automobile and take Ms. Baldwin's purse. Although the defendant did not object to these questions her exceptions to questions asked by the court are automatically preserved. N.C.G.S. § 15A-1446(d)(11) (1988).

N.C.G.S. § 8-57 provides in part:

> (b) The spouse of the defendant shall be competent but not compellable to testify for the State against the defendant in any criminal action or grand jury proceedings, except that the spouse of the defendant shall be both competent and compellable to so testify:
>
> > (1) In a prosecution for bigamy or criminal cohabitation, to prove the fact of marriage and facts tending to show the absence of divorce or annulment;
> >
> > (2) In a prosecution for assaulting or communicating a threat to the other spouse;
> >
> > (3) In a prosecution for trespass in or upon the separate lands or residence of the other spouse when living separate and apart from each other by mutual consent or court order;
> >
> > (4) In a prosecution for abandonment of or failure to provide support for the other spouse or their child;
> >
> > (5) In a prosecution of one spouse for any other criminal offense against the minor child of either spouse, including any illegitimate or adopted or foster child of either spouse.

(c) No husband or wife shall be compellable in any event to disclose any confidential communication made by one to the other during their marriage.

Prior to *State v. Freeman*, 302 N.C. 591, 276 S.E.2d 450 (1981), our rule was that a person was not competent to testify against his or her spouse. *State v. Waters*, 308 N.C. 348, 302 S.E.2d 188 (1983); *State v. Suits*, 296 N.C. 553, 251 S.E.2d 607 (1979); *State v. Alford*, 274 N.C. 125, 161 S.E.2d 575 (1968); 1 Brandis, North Carolina Evidence § 59, at 286 (3rd ed. 1988). N.C.G.S. § 8-57 at the time *Freeman* was decided provided that with certain exceptions, not applicable to this case, the statute did not "render any spouse competent or compellable to give evidence against the other spouse in any criminal action or proceeding." We made it clear in *Freeman*, 302 N.C. 591, 594, 276 S.E.2d 450, 452, that N.C.G.S. § 8-57 is not a legislative declaration of the law which cannot be changed by us but it is a declaration that, with some exceptions, the common law rule or spousal privilege applies. We have the power to change the common law rule.

In *Freeman* we held that a wife was competent to testify against her husband as to what she had observed at the time of the alleged crime. The General Assembly then changed N.C.G.S. § 8-57 to provide that the spouse of a defendant may be competent but not compellable to testify against the defendant in a criminal action.

This assignment of error brings to this Court the question of whether the defendant husband may be compelled to testify as to a conversation he had with his wife a few minutes before the crime was committed. Among the reasons given for the privilege against testifying against a spouse is the maintaining of peace between the marriage partners and avoiding the moral repugnance of forcing one spouse to condemn a lifelong partner. *See Adverse Marital Testimony in North Carolina Criminal Actions*, 60 N.C.L. Rev. 874 (1982).

The State does not dispute that the testimony of the defendant's husband was compelled. Nor does the State contend that we should change the rule that a person is not compellable to testify against a spouse as to confidential communications. The State contends that the conversation between the defendant and her spouse was not a confidential communication.

We do not reach the question of confidentiality. We held in *Freeman* that a person who wants to testify against his or her spouse is competent to do so. We did not alter that part of the rule which says a person may not be compelled to testify against a spouse. In this case the defendant's husband was compelled to testify against her. That violated the rule. The testimony in this case does not fall within any of the exceptions listed in N.C.G.S. § 8-57 allowing compelled testimony. We do not pass on the question of whether the conversation between defendant and her husband was a confidential communication.

We note that the Court of Appeals vacated a recommendation in the judgment that the defendant pay restitution as a condition of work release or parole. The State did not appeal from this part of the Court of Appeals' opinion and it is not disturbed by this opinion.

For reasons different from the Court of Appeals we affirm its decision vacating the sentence and remanding to the superior court for a new sentencing hearing.

Affirmed.