STATE OF NORTH CAROLINA v. DAVID LEE SMITH

No. 7920SC132

(Filed 5 June 1979)

1. **Searches and Seizures § 40— warrant to search for marijuana—box containing methamphetamine—seizure proper**

Where a detective searched defendant's apartment pursuant to a warrant to search for marijuana, the detective seized a box filled with drug paraphernalia which was in plain view, and a later inventory of the box revealed methamphetamine in foil packets, the trial court did not err in determining that the box was properly seized either as containing instrumentalities of crime or as evidence having a nexus with criminal behavior.

2. **Criminal Law § 114.2— jury instructions—no expression of opinion**

The trial court did not express an opinion by instructing the jury that "these offenses occurred on or about the 25th of May," instead of "these offenses allegedly occurred."

State v. Smith

3. **Criminal Law § 138.7— sentencing hearing—witness called by court**
      The trial court did not violate G.S. 15A-1334 by calling a detective on its own motion to testify at defendant's sentencing hearing.

APPEAL by defendant from *Gavin, Judge.* Judgment entered 21 September 1978 in Superior Court, MOORE County. Heard in the Court of Appeals 2 May 1979.

Defendant was indicted for possession of more than one ounce of marijuana and for possession with intent to sell methamphetamine. At trial the State presented evidence that Detective Campbell of the Moore County Sheriff's Department searched defendant's residence pursuant to a search warrant. On voir dire Campbell testified that he found the marijuana for which the warrant was issued in a bedroom drawer, and that he also seized an open box containing pipes, roach clips and other marijuana paraphernalia which was in plain view in the living room. An inventory of the box the next day disclosed methamphetamine in four tiny foil packets.

Defendant conceded that the search warrant was valid and that the search was properly conducted as to the marijuana, but moved to suppress evidence of the methamphetamine as improperly seized. The court concluded that the box and its contents were properly seized under the plain view doctrine, and denied defendant's motion. At the close of the State's evidence, defendant's motion to dismiss was denied.

Defendant was found guilty of possession of both marijuana and methamphetamine, and sentenced to 4-5 years on the marijuana charge and two years consecutive, suspended on condition, on the methamphetamine charge. He appeals.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*Seawell, Pollock, Fullenwider, Robbins and May, by Bruce T. Cunningham, Jr., for defendant appellant.*

ARNOLD, Judge.

[1]   The defendant argues that evidence of the methamphetamine should have been suppressed because the box which contained it was not properly seized. His contention is that since Detective

Campbell did not discover the methamphetamine until a later inventory of the box, he did not know the box contained contraband and therefore had no reason to seize it. Detective Campbell's uncontradicted testimony is that he saw in the open box "various paraphernalia such as pipes which contained residue" and "a glass bottle which contained seeds, marijuana seeds." Thus, under our holding in *State v. Zimmerman,* 23 N.C. App. 396, 209 S.E. 2d 350 (1974), *cert. denied* 286 N.C. 420, 211 S.E. 2d 800 (1975), this box was properly seized as containing either "instrumentalities of crime," the narcotics paraphernalia, or evidence having a nexus with criminal behavior. Defendant's argument is unavailing.

[2]    Defendant argues further that the trial court expressed an opinion in violation of G.S. 15A-1222 when he charged the jury that "[t]hese offenses occurred on or about the 25th of May." Though it might have been better had the trial court said "these offenses *allegedly* occurred," we find no prejudicial error. Nor do we find merit in defendant's other assignments of error to the charge.

Defendant contends that hearsay testimony was improperly admitted at the sentencing hearing. He relies on *State v. Locklear,* 34 N.C. App. 37, 237 S.E. 2d 289 (1977), to support his position, but that decision has been reversed by the Supreme Court, saying that "trial judges have a broad discretion . . . in making a judgment as to proper punishment . . . [and] must not be hampered in the performance of that duty by unwise restrictive procedures." 294 N.C. 210, 213, 241 S.E. 2d 65, 67 (1978). There was no error in the admission of the testimony.

[3]    Defendant also contends that the trial court violated G.S. 15A-1334 by calling Detective Campbell on its own motion to testify at the sentencing hearing. However, that statute says clearly that no one other than certain named persons may comment to the court on sentencing "unless called as a witness by the defendant, the prosecutor, *or the court*." G.S. 15A-1334(b) (emphasis added).

Evidence relating to defendant's last assignment of error was excluded from the record on appeal by order of the trial court. Therefore, there is no basis for considering that assignment of error.

We find that defendant received a fair trial, free from prejudicial error.

No error.

Judges MARTIN (Robert M.) and ERWIN concur.