STATE OF NORTH CAROLINA v. AL KAREEM FLOWE

No. 9226SC352

(Filed 15 September 1992)

**1. Criminal Law § 499 (NCI4th)— defendant's statement taken into jury room over objection—error not prejudicial**

The trial court's error in allowing, over defendant's objection, the jury's request to view defendant's statement during deliberations was not prejudicial, since the statement was read to the jury in its entirety by the investigating officer, and portions of it were reread by the assistant district attorney; the victim positively identified defendant; defendant himself testified that he had a gun, pointed it at the victim, and told him to "give it up"; and a reasonable possibility therefore did not exist that denial of the jury's request would have resulted in a different outcome. N.C.G.S. § 15A-1233(b).

**Am Jur 2d, Trial § 1672.**

**Permitting documents or tape recordings containing confessions of guilt or incriminating admissions to be taken into jury room in criminal case. 37 ALR3d 238.**

**2. Criminal Law § 1102 (NCI4th)— sentence—nonstatutory aggravating factor found—factor not sought by State—no error**

The trial court did not err by finding a nonstatutory aggravating factor, despite the fact that the State did not request the trial court to do so.

**Am Jur 2d, Criminal Law § 598.**

APPEAL by defendant from judgment entered 12 December 1991 by *Judge Forrest A. Ferrell* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 4 September 1992.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Deborah L. McSwain, for the State.*

*Goodman, Carr, Nixon & Laughrun, by George V. Laughrun, II, for defendant-appellant.*

## STATE v. FLOWE

[107 N.C. App. 468 (1992)]

GREENE, Judge.

Defendant appeals from a judgment entered 12 December 1991, which judgment is based on a jury verdict convicting defendant of attempted robbery with a dangerous weapon, N.C.G.S. § 14-87 (1986).

The State's evidence tends to show that on 21 August 1991, defendant and two other men were riding in a Nissan automobile with defendant driving. They approached Darren Morgan (Morgan), who had just finished work and was waiting by the side of the road for his father (Mr. Morgan) to pick him up. Defendant pointed a gun at Morgan and demanded that Morgan give up his money. Morgan refused and defendant told him to give him a necklace Morgan was wearing. Morgan again refused. Defendant began unlocking his door, and Morgan pulled out his wallet to show defendant that it was empty.

At this time, Mr. Morgan pulled up in his truck behind defendant and defendant turned to look. When his back was turned, Morgan ran, yelling to Mr. Morgan to get the license number of the Nissan because the occupants were trying to rob him. Defendant drove away, and Morgan got into the truck with his father and began pursuing defendant. During the course of the chase, defendant's two passengers fired three shots, at least one of which was fired in the direction of Mr. Morgan's truck. The Morgans gave up the chase and reported defendant's license tag number to police.

Police went to defendant's residence where defendant and his companions were found. A gun was found on one of the men, and the three were taken to a gas station where the Morgans identified defendant as the driver of the car. Defendant was interviewed by Detective Don Rock (Detective Rock). Defendant signed a juvenile waiver of rights and a statement corresponding to the above facts, which was read to the jury by Detective Rock and admitted into evidence at trial. In addition, the court, over defendant's objection, granted the jury's request to take defendant's handwritten statement into the jury room during deliberations.

Defendant testified on his own behalf, and, in addition, presented the testimony of two witnesses. The jury convicted defendant of attempted robbery with a dangerous weapon.

At sentencing, defendant presented evidence of certain mitigating sentencing factors to the trial court. The State offered

no evidence at the sentencing hearing. The trial court found all of the statutory mitigating sentencing factors proffered by defendant. The court also found *sua sponte* the following non-statutory aggravating factor:

> After the commission of the crime charged, for which the defendant was convicted, and after the victim, Morgan, had fled the scene of the attempted robbery, the defendant and two of his accomplices fled the scene of the attempted robbery by means of a motor vehicle. The victim and others gave pursuit by motor vehicle. Two persons in the defendant's vehicle fired a hand gun at the victim in the vehicle he was occupying.

> The same constitutes assault with a deadly weapon or assault by pointing a gun. The defendant acted in concert with two others in the commission of this assault, which was a separate and independent act, apart from the attempted armed robbery charged in this case, which constitutes an aggravating factor.

The trial court determined that the aggravating factor outweighed the mitigating factors, and sentenced defendant to eighteen years active imprisonment, a term in excess of the presumptive term. Defendant appeals.

---

The issues presented are whether I) the trial court committed prejudicial error by permitting the jury to take defendant's written statement into the jury room during deliberations; and II) the trial court committed prejudicial error in finding a non-statutory aggravating sentencing factor which was not advocated by the State at defendant's sentencing hearing.

I

[1] Defendant argues that the trial court's granting of the jury's request to view defendant's statement during deliberations constitutes prejudicial error.

North Carolina Gen. Stat. § 15A-1233(b) provides in pertinent part that "[u]pon request by the jury and with consent of all parties, the judge may in his discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence." N.C.G.S. § 15A-1233(b) (1988). The above statute has been construed to require the agreement of all parties to allow

a jury to examine an exhibit in the jury room. *State v. Barnett*, 307 N.C. 608, 300 S.E.2d 340 (1983). In the instant case, it is undisputed that upon the jury's request for defendant's statement, the trial court permitted the document to be taken into the jury room over defendant's objection. To do so was error by the court.

In order for this error to warrant reversing defendant's conviction, however, defendant is required to show that, absent the court's error, "there is a reasonable possibility that . . . a different result would have been reached at trial." N.C.G.S. § 15A-1443(a) (1988); *State v. Huffstetler*, 312 N.C. 92, 114, 322 S.E.2d 110, 124 (1984), *cert. denied*, 471 U.S. 1009, 85 L. Ed. 2d 169 (1985). Defendant has failed to meet this burden. During the trial, the statement in question was read to the jury in its entirety by Detective Rock, and portions of the statement were reread by the Assistant District Attorney. In addition to the statement, evidence presented against defendant included the testimony of the victim who positively identified defendant, the testimony of the officer who interviewed defendant on the night of the incident to whom defendant dictated the statement, and defendant's own testimony wherein he admitted having the gun, pointing it at the victim, telling the victim to "give it up," being followed by the victim, and that his passengers shot at the men following them. In light of this evidence of defendant's guilt, a reasonable possibility does not exist that a ruling by the trial court denying the jury's request to view defendant's statement during deliberations would have resulted in a different outcome. This assignment of error is, therefore, overruled.

## II

[2] Defendant argues that the trial court's finding of a non-statutory aggravating factor which was not offered by the State at the sentencing hearing constitutes reversible error. Defendant does not contend that the factor itself is insupportable, but instead argues that the court should not be allowed to find factors in aggravation which are not sought by the State.

In sentencing a defendant, the trial court is required to consider the statutory list of aggravating and mitigating factors before imposing a sentence other than the presumptive one for the particular offense. *State v. Parker*, 315 N.C. 249, 255, 337 S.E.2d 497, 501 (1985). The trial court may, in its discretion, consider non-statutory aggravating factors which are reasonably related to the purposes of sentencing and supported by a preponderance of the

evidence in the case in determining whether to increase the presumptive term. N.C.G.S. § 15A-1340.4(a) (1988); *State v. Taylor*, 322 N.C. 280, 287, 367 S.E.2d 664, 668 (1988); *see also State v. Holden*, 321 N.C. 689, 697, 365 S.E.2d 626, 630 (1988) (consideration of non-statutory factors is a matter within the sound discretion of the trial judge). However, the trial court *must* consider all circumstances that are both transactionally related to the offense and reasonably related to the purposes of sentencing, provided that they are not essential to the establishment of elements of the offense. *State v. Melton*, 307 N.C. 370, 378, 298 S.E.2d 673, 679 (1983); *State v. Teague*, 60 N.C. App. 755, 757, 300 S.E.2d 7, 8 (1983); *see also State v. Josey*, 328 N.C. 697, 700-01, 403 S.E.2d 479, 481 (1991). This is so regardless of whether such factors are specifically listed under Section 15A-1340.4(a)(1), *see Melton*, 307 N.C. at 376, 298 S.E.2d at 678 (premeditation and deliberation required to be considered by trial court as non-statutory aggravating factor where they were reasonably related to purposes of sentencing and transactionally related to the offense), and regardless of whether the State specifically requests a finding in this regard. *See* J. Weissman, *Sentencing Due Process: Evolving Constitutional Principles*, 18 Wake Forest L. Rev. 523, 533-34 (1982) (sentencing hearings are primarily inquisitorial proceedings which "advance an investigatory, proactive focus"); *cf. State v. Smith*, 41 N.C. App. 600, 602, 255 S.E.2d 210, 212 (1979) (pursuant to N.C.G.S. § 15A-1334, trial court free at sentencing hearing to call witnesses on its own initiative).

In determining the existence of aggravating factors, the trial court may rely on evidence presented at the sentencing hearing, *see* N.C.G.S. § 15A-1334(b) (1988) (setting forth requirements of sentencing hearings), or, when a defendant pleads guilty, on the circumstances surrounding the offense, including factual allegations contained in the indictment or other criminal process, despite the fact that the State fails to present evidence at sentencing. *See State v. Lloyd*, 89 N.C. App. 630, 637, 366 S.E.2d 912, 917 (1988), *disc. rev. denied*, 322 N.C. 483, 370 S.E.2d 231 (1988); *State v. Thompson*, 314 N.C. 618, 623-25, 336 S.E.2d 78, 81-82 (1985) (where indictment listed the value of items, State's failure to produce evidence of value of items stolen did not preclude trial court from finding as an aggravating factor that the offense involved taking of property of great monetary value). Likewise, when a defendant does not plead guilty, but is found guilty after a trial, the trial court in sentencing the defendant may rely on circumstances brought

**STATE v. FLOWE**

[107 N.C. App. 468 (1992)]

out at trial and supported by a preponderance of the evidence in determining the existence of aggravating factors, even though the State does not present evidence of such circumstances at the sentencing hearing. *See State v. Rios*, 322 N.C. 596, 598, 369 S.E.2d 576, 577-78 (1988) (upholding trial court's finding of aggravating sentencing factor which was based solely on evidence presented at defendant's trial); *Taylor*, 322 N.C. at 287, 367 S.E.2d at 668.

An application of the foregoing principles to the instant case reveals that the trial court did not err by finding the non-statutory aggravating factor in question. The State presented uncontradicted evidence at defendant's trial that passengers in defendant's car fired shots at the victim and his father as they chased defendant in Mr. Morgan's truck. Because this circumstance occurred during defendant's attempt to flee the scene of the attempted robbery, it is transactionally related to the offense of which defendant was convicted, yet is not an essential element of the offense. In addition, consideration of this circumstance is reasonably related to the sentencing purpose of "impos[ing] a punishment commensurate with the injury the offense has caused, taking into account factors that may . . . increase the offender's culpability." N.C.G.S. § 15A-1340.3 (1988). Thus, under *Melton* and *Teague*, the trial court properly considered this evidence in determining the existence of any aggravating sentencing factors, despite the fact that the State did not request the trial court to do so.

No error.

Judge ARNOLD concurs.

Judge PARKER concurs in the result only.