STATE OF NORTH CAROLINA v. JULIAN SANTANO ROLLINS

No. COA98-140

(Filed 15 December 1998)

1. **Sentencing— structured sentencing—nonstatutory aggravating factor—attempting to dispose of evidence**

The trial court erred when sentencing defendant under Structured Sentencing for discharging a firearm into an occupied vehicle by finding as a nonstatutory aggravating factor that defendant attempted to dispose of evidence in that he gave the handgun used in the offense to someone else immediately after the offense. No law enforcement officers were present when defendant passed the firearm to another and no investigation had focused on defendant; passing the firearm to the other person lacks the characteristic of affirmative misconduct or active misrepresentation to law enforcement officials previously held to withdraw a nonstatutory factor from the constitutional protections of the right to plead not guilty and the privilege against self-incrimination.

**2. Sentencing— structured sentencing—nonstatutory aggravating factors—not specifically requested by the State**

In an appeal from a sentence for firing into an occupied vehicle which was reversed on other grounds, the Court of Appeals held that in Structured Sentencing proceedings the trial court may properly find nonstatutory aggravating factors not specifically requested by the State whether the circumstances supporting such factors are presented at trial, if the defendant pleads not guilty, or at the sentencing hearing. However, trial judges are admonished to exercise restraint when considering non-statutory aggravating factors after having found statutory factors.

**3. Appeal and Error— sanctions—violations of propriety**

The costs of the appeal of a criminal sentence were taxed to defense counsel pursuant to Rules of Appellate Procedure 35(a), 34(a), and 34(b) where defendant's brief was grossly lacking in the requirements of propriety, violated multiple appellate rules, and contained materials outside the record and biased arguments, neither of which provided any meaningful assistance to the Court of Appeals.

Appeal by defendant from judgment entered 30 September 1997 by Judge James M. Webb in the Moore County Superior Court. Heard in the Court of Appeals 22 October 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General J. Bruce McKinney, for the State.*

*Cunningham, Dedmond, Petersen, Smith, by Bruce T. Cunningham, Jr., for defendant-appellant.*

JOHN, Judge.

Defendant was tried before a jury during the 23 September 1997 session of Moore County Superior Court on indictments charging murder, discharging a firearm into an occupied vehicle, and assault with a deadly weapon with intent to kill inflicting serious injury. At the close of the State's evidence, the trial court dismissed the murder count and defendant was subsequently convicted of misdemeanor assault with a deadly weapon and the remaining felony. On 30 September 1997, after finding one statutory and two non-statutory factors in aggravation of the felony sentence as well as two statutory mitigating factors, the trial court determined the former outweighed

the latter and sentenced defendant to a minimum term of imprisonment of thirty-six months and a maximum term of fifty-three months on the felony conviction and forty-five days on the misdemeanor conviction.

[1] Defendant maintains the trial court erred in finding the following non-statutory aggravating factor: "Defendant attempted to dispose of evidence in that he gave the 9mm handgun used to commit this offense to James Antonio Murchison immediately after commission of the offense." Notwithstanding defendant's violations of the North Carolina Rules of Appellate Procedure (the Rules) noted below, which violations subject his appeal to dismissal, *see Wiseman v. Wiseman* 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984) ("Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal"), we elect in our discretion to consider the merits thereof, *see* N.C.R. App. P. 2.

Preliminarily, we note defendant's appellate brief includes no argument addressed to assignments of error one, two, five and seven. Accordingly, those assignments of error are deemed abandoned, *see* N.C.R. App. P. 28(b)(5) ("[a]ssignments of error not set out in the appellate's brief . . . will be taken as abandoned"), and we do not discuss them.

The felony offense of which defendant was convicted, discharging a firearm into an occupied vehicle in violation of N.C.G.S. § 14-34.1 (1997), was alleged to have occurred 16 October 1995. As such, sentencing for the offense was governed by the Structured Sentencing Act (SSA), found at N.C.G.S. § 15A-1340.10 *et seq.* (1997). G.S. § 15A-1340.10 (SSA applies generally to offenses "that occur[red] on or after October 1, 1994").

Under the SSA, a trial court may vary from the presumptive range of sentences for an offense specified in N.C.G.S. § 15A-1340.17(c)(2) (1997) "[i]f the court finds that aggravating or mitigating factors exist." N.C.G.S. § 15A-1340.16(b) (1997).

> If the court finds that aggravating factors are present and are sufficient to outweigh any mitigating factors that are present, it may impose a sentence that is permitted by the aggravated range described in G.S. 15A-1340.17(c)(4).

G.S. § 15A-1340.16(b).

Statutory aggravating factors are set forth at G.S. § 15A-1340.16(d); in addition to those specified, the trial court may also consider "[a]ny other aggravating factor reasonably related to the purposes of sentencing." G.S. § 15A 1340.16(d)(20). However, the trial court is not permitted to "consider as an aggravating factor the fact that the defendant exercised the right to a jury trial." G.S. § 15A-1340.16(d).

In the case *sub judice*, defendant does not contest that the challenged non-statutory aggravating factor was supported by a preponderance of the evidence, *see* G.S. § 15A-1340.16(a) (State bears burden of proving presence of aggravating factor "by a preponderance of the evidence"), but rather argues vigorously that use of the factor under the instant circumstances violated his Fifth Amendment constitutional right against self-incrimination. While a trial court properly may consider a criminal defendant's refusal to cooperate with law enforcement officials as a sentencing factor, *Roberts v. United States*, 445 U.S. 552, 554-55, 63 L. Ed. 2d 622, 627 (1980), the defendant's responsibility to assist authorities does not attach when "his silence is protected by the privilege against self-incrimination," *id.* at 557-58, 63 L. Ed. 2d at 629.

Moreover, in *State v. Blackwood*, this Court held that consideration under the Fair Sentencing Act (FSA), N.C.G.S. §§ 15A-1340.1 through 15A-1340.7, (repealed by Session Laws 1993, c. 538, s. 14), of the non-statutory factor that the defendant

> did not at any time [offer] assistance to the arresting officers or the District Attorney . . . potentially infringe[d] impermissibly on [the] defendant's right to plead not guilty

and was therefore improper. *State v. Blackwood*, 60 N.C. App. 150, 154, 298 S.E.2d 196, 199-200 (1982). In addition, we noted that "if the court had considered defendant's failure to 'acknowledge any wrongdoing' it would have impermissibly punished defendant for his not-guilty plea." *Id.* As we explained, a defendant has an absolute right to plead not guilty and "should not and cannot be punished for exercising that right." *Id.* at 154, 298 S.E.2d at 199 (quoting *State v. Boone*, 293 N.C. 702, 712-13, 239 S.E.2d 459, 465 (1977)); *see also* G.S. 15A-1340.16(d).

In sentencing a criminal defendant, therefore, the trial court may not consider in aggravation of sentence that the defendant was exercising his right to plead not guilty or asserting his privilege against

self-incrimination. Notwithstanding, "affirmative misconduct," *United States v. Ruminer*, 786 F.2d 381, 385 (10th Cir. 1986), *i.e.*, active misrepresentation to law enforcement officials, has been held properly considered as a non-statutory aggravating factor because in such instance the defendant "was not simply exercising his rights to remain silent or to plead not guilty," *State v. Harrington*, 118 N.C. App. 306, 310, 454 S.E.2d 713, 716 (1995) (proffering false alibi and false name to law enforcement officers proper non-statutory aggravating factor under FSA); *see also Ruminer*, 786 F.2d at 385 (suggesting "false leads [to officials] in a purposeful attempt to hinder the investigation" constitutes "affirmative misconduct" relevant to sentencing); *cf. Blackwood*, 60 N.C. App. at 154, 298 S.E.2d at 199-200 (record contained "no evidence of any affirmative action by defendant to hinder efforts by the arresting officers or the district attorney").

In the case *sub judice*, the record indicates that defendant, moments after commission of the offense of discharging a firearm into an occupied vehicle and near the scene of the shooting, handed the weapon used in the offense to James Antonio Murchison (Murchison). No law enforcement officers were present nor had any investigation focused upon defendant at that point.

Under the foregoing circumstances, defendant's passing of the firearm to Murchison lacks the characteristic of affirmative misconduct or active misrepresentation to law enforcement officials previously held to withdraw a non-statutory factor from the constitutional protections of the right to plead not guilty and the privilege against self-incrimination. In addition, possession by defendant of the weapon at issue would necessarily have "implicat[ed] himself in unlawful activities," *Blackwood*, 60 N.C. App. at 154, 298 S.E.2d at 200, and enhancement of defendant's sentence for in effect remaining silent and not presenting the weapon to authorities thus was impermissible. *See id.* Accordingly, the sentence imposed on the felony of discharging a firearm into an occupied vehicle must be vacated and the charge remanded for resentencing. *See State v. Ahearn*, 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983) (under FSA, if trial court has erred in finding aggravating factor and imposing sentence beyond presumptive term, "the case must be remanded for a new sentencing hearing").

Although we grant a new sentencing hearing, we address one of defendant's remaining contentions as likely to recur on resentencing.

**[2]** In his final assignment of error, defendant contends the trial court erred in finding a non-statutory aggravating factor not requested by the prosecutor. Defendant does not argue that the factor itself was unsupported by the evidence, but rather that the court improperly found a factor in aggravation not sought by the State. Similar contentions have previously been rejected by our courts with reference to the FSA, and we hold defendant's argument as applied to the SSA is without merit.

First, at sentencing under the FSA, the trial court was obligated to "consider all circumstances that are both transactionally related to the offense and reasonably related to the purposes of sentencing . . . ." *State v. Flowe*, 107 N.C. App. 468, 472, 420 S.E.2d 475, 477-78, *disc. review denied*, 332 N.C. 669, 424 S.E.2d 412(1992) (citation omitted). This requirement was held to be mandatory under the FSA regardless of whether the factors were expressly listed under G.S. § 15A-1340.4(a)(1), *see State v. Melton*, 307 N.C. 370, 376, 298 S.E.2d 673, 678 (1983) (upon guilty plea to second degree murder, determination that defendant committed the offense with premeditation and deliberation is reasonably related to purposes of sentencing and transactionally related to the offense, and thus may be properly considered as non-statutory aggravating factor), and "regardless of whether the State specifically request[ed] a finding in this regard," *Flowe*, 107 N.C. App. at 472, 420 S.E.2d at 478; *see also State v. Cameron*, 314 N.C. 516, 520, 335 S.E.2d 9, 11 (1985) (trial court has duty "to examine the evidence to determine if it would support any of the statutory factors even absent a request by counsel").

Under the FSA, moreover, the trial court properly relied upon circumstances brought out at trial in determining the presence of aggravating factors, even though the State did not present evidence of such circumstances at the sentencing hearing. *Flowe*, 107 N.C. App. at 473, 420 S.E.2d at 478. Finally, the trial court was "not required to ignore the facts and evidence of the case," *State v. Morris*, 60 N.C. App. 750, 755, 300 S.E.2d 46, 49 (1983), but rather was to consider uncontradicted and credible evidence of aggravating factors, *State v. Parker*, 315 N.C. 249, 255, 337 S.E.2d 497, 500 (1985), *appeal after remand*, 319 N.C. 444, 355 S.E.2d 489 (1987).

The foregoing general principles enunciated in cases involving sentencing under the FSA are equally applicable to sentencing proceedings under the SSA. *Compare* N.C.G.S. § 15A-1340.12 (1997) *with* former N.C.G.S. § 15A-1340.3 (repealed by Session Laws 1993, c. 538, s. 14) (statutorily designated "purposes of sentencing" identical under

SSA and FSA). We therefore hold that in sentencing proceedings under the SSA, the trial court may properly find non-statutory aggravating factors not specifically requested by the State whether the circumstances supporting such factors are presented at trial, if the defendant pleads not guilty, or at the sentencing hearing.

To summarize, because the trial court impermissibly considered a non-statutory aggravating sentencing factor, the judgment entered on the felony charge of discharging a firearm into an occupied vehicle is vacated and the case remanded for resentencing in accordance with our opinion herein. As defendant was sentenced under the SSA, we take this occasion to reiterate admonitions from this Court in cases concerning implementation of the FSA, *i.e.*, that trial judges "may wish to exercise restraint when considering non-statutory aggravating factors after having found statutory factors." *State v. Baucom*, 66 N.C. App. 298, 302, 311 S.E.2d 73, 75 (1984).

[3] Prior to conclusion, we unfortunately must also address improprieties contained in defendant's appellate brief. In challenging the trial court's finding of the non-statutory aggravating sentencing factor, defendant argued to this Court as follows:

> What happened here, *and what has happened all too often in previous cases with Judge Webb*, is that the Trial Court abandoned its neutrality.
>
> *In [Judge Webb's] search for factors with which to aggravate the sentence . . . .*
>
> Essentially, Judge Webb penalized the Defendant *because [Judge Webb] believed the Defendant attempted to be uncooperative . . . .*

Defendant also set forth in his brief what he asserted to be the transcription of an excerpted exchange between Judge Webb and counsel for the defendant (not the same individual as defendant's counsel herein) in the Robeson County case of *State v. Sinclair*, Robeson County file number 97 CRS 8254. Defendant described the case *sub judice* as similar to that from Robeson County in that Judge Webb in each instance "took it upon himself to find a nonstatutory aggravator." According to defendant, Judge Webb in the Robeson County proceeding based his finding of the non-statutory aggravating factor upon evidence elicited from a witness recalled and questioned by Judge Webb on the court's own motion and over the defendant's objection, which objection "obviously displeased Judge Webb."

STATE v. ROLLINS

[131 N.C. App. 601 (1998)]

Suffice it to state that the official transcript of Robeson County case number 97 CRS 8254 is not contained in the instant record nor in the record of any matter presently or previously before this Court. *See* N.C.R. App. P. 9(a) (appellate review based "solely upon the record on appeal"). We also note that this Court has held that the trial court's calling a witness on its own initiative at a sentencing hearing was specifically authorized by N.C.G.S. § 15A-1334(b) (1997), *State v. Smith*, 41 N.C. App. 600, 602, 255 S.E.2d 210, 212 (1979), a statutory section which remains in effect notwithstanding enactment of the SSA.

While vigorous advocacy is not inappropriate and while hotly contested litigation may occasionally generate frustration, comments such as those cited above have no place in argument to this Court. Moreover, the gratuitous statements of defendant and the extraneous materials placed in his appellate brief have in no way assisted this Court either in understanding or deciding the issues of the instant case. *See* N.C.R. App. P. 28(a) ("function of all briefs . . . is to define clearly the questions presented to the reviewing court").

In addition, Rule 0.1[4] of The Revised Rules of Professional Conduct of the North Carolina State Bar (RRPC) provides, *inter alia*, that a "lawyer should demonstrate respect for the legal system and for those who serve it, including judges . . . ." Further, Comment [8] to RRPC 3.5 states in pertinent part:

A lawyer may stand firm against abuse by a judge but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate.

N.C.R. App. P. 34(a)(3) authorizes this Court to impose sanctions against a party on its own motion when a

brief . . . filed in the appeal was so grossly lacking in the requirements of propriety, grossly violated appellate court rules, or grossly disregarded the requirements of a fair presentation of the issues to the appellate court.

N.C.R. App. P. 34(a)(3). Upon review of the appellate brief of defendant herein, we find it grossly lacking in the requirements of propriety; further, defendant's brief violated multiple appellate rules and contained materials outside the record and biased arguments, neither of which provided any meaningful assistance to this Court.

N.C.R. App. P. 35(a) directs that "if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered." Pursuant to said Rule and N.C.R. App. P. 34(a) and (b), we hereby tax the costs of the instant appeal to defendant, those costs to be paid personally by counsel for defendant. *See Roberts v. First-Citizens Bank and Trust Co.*, 124 N.C. App. 713, 716, 478 S.E.2d 809, 811 (1996) (cost of printing defendant's brief taxed to defendant's counsel).

No error in the trial; remand for resentencing; costs taxed to defendant, to be paid personally by counsel for defendant.

Judges MARTIN, Mark D., and McGEE concur.