STATE v. PATTERSON

[150 N.C. App. 393 (2002)]

———————

STATE OF NORTH CAROLINA v. WILLIAM NOLAN PATTERSON

No. COA01-448

(Filed 21 May 2002)

**1. Evidence— prior crimes or bad acts—modus operandi**

The trial court did not err in a prosecution for first-degree statutory rape, incest, and other crimes by admitting evidence of defendant's prior abuse of the victim's sister as bearing on modus

---

operandi. The similarities between the abuse charged and the prior abuse of the victim's sister supported the inference that the same person committed the crimes, and the risk of undue prejudice did not outweigh its probative value.

## 2. Sentencing— social services documents—not provided to defendant—no abuse of discretion

The trial court did not abuse its discretion when sentencing defendant for first-degree statutory rape, incest, and other crimes by considering DSS records which were not provided to the defense where defendant had filed a motion for production of confidential records that required that the court review confidential DSS documents in camera, the court disclosed any arguably exculpatory evidence to both parties, and defendant requested at sentencing a mitigating factor which was rebutted by the records. Defendant was given ample opportunity to present his evidence, including any that showed error in the records; his failure to do so was not due to any restriction imposed by the trial court.

Judge GREENE dissenting in part.

Appeal by defendant from judgment entered 18 August 2000 by Judge Gregory A. Weeks in Cumberland County Superior Court. Heard in the Court of Appeals 12 February 2002.

*Roy Cooper, Attorney General, by Thomas O. Lawton, III, Assistant Attorney General, for the State.*

*John T. Hall for defendant-appellant.*

THOMAS, Judge.

Defendant, William Nolan Patterson, was convicted in a jury trial of first-degree statutory rape, two counts of first-degree statutory sexual offense, two counts of taking indecent liberties with a child, felonious incest between near relatives, crime against nature, and two counts of felonious child abuse.

He sets forth two assignments of error in his appeal: (1) the trial court erred by allowing testimony of his previous bad acts into evidence; and (2) the trial court sentenced him in a manner not authorized by law. For the reasons discussed herein, we find no error.

The State's evidence tended to show the following: On 15 January 1998, Officer Susan Scearce with the Cumberland County Sheriff's

Department presented a drug-abuse program at an elementary school. As she was preparing to leave, a student, "L," asked to speak with her in the hallway. L told Scearce that: (1) she was hungry; (2) she and her siblings were not being fed because her father, defendant, sold their groceries to buy drugs; (3) the family regularly did not have water or power; (4) defendant had threatened her to not talk to social workers; (5) defendant beat her and her siblings; and (6) defendant used crack cocaine and abused alcohol.

Subsequently, L was taken to the sheriff's department, where she disclosed that defendant sexually abused her. She said defendant had sexual relations with her in a number of ways, in both her bed and his.

During the course of the investigation, defendant's wife, Shirley Patterson (Mrs. Patterson), stated that defendant's actions with their daughters had concerned her. L's sister, "I," stated that defendant also sexually abused her until she was twelve or thirteen and began "running away from home and not coming home certain nights." Defendant is the natural father of both girls.

Dr. Sharon Cooper, a forensic pediatrician, examined L and determined that she had symptoms of post-traumatic stress disorder and physical characteristics of having been sexually abused.

The charges in this case relate only to the abuse of L.

Defendant testified during the trial and denied the claims of his daughters. Nevertheless, he was convicted and sentenced as follows: (a) 300 to 369 months for first-degree statutory rape and first-degree statutory sexual offense in 98 CRS 13337; (b) 16 to 20 months for indecent liberties with a child and felonious incest between near relatives in 98 CRS 13338; (c) 300 to 369 months for first-degree statutory sexual offense in 98 CRS 13339; (d) 25 to 39 months for felonious child abuse in 98 CRS 13340; (e) 25 to 39 months for felonious child abuse and indecent liberties with a child in 98 CRS 13341. All sentences were to run consecutively. The trial court dismissed the charge of crime against nature in 98 CRS 13340. Defendant appeals.

[1] By his first assignment of error, defendant argues the trial court erred by admitting, over his objection, evidence of his prior bad acts of abusing I. We disagree.

Rule 404 of the North Carolina Evidence Code provides, in pertinent part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.R. Evid. 404(b). In the instant case, the trial judge gave a limiting instruction to the jury concerning I's allegations that included the following statements:

THE COURT: I specifically instruct you that you may not consider this evidence as evidence of the fact that the defendant is a bad person and therefore, he is more likely to have committed the offenses which are now before us. But I instruct you that you may consider the evidence only to the extent that you find it bears on the issues or questions of the defendant's intent or modus operandi, mode of operation, as it relates to the allegations in this case involving [L] Patterson.

Do each of you understand that [i]nstruction? If you do understand that instruction, please indicate that by raising your hands.

(All hands raised.)

THE COURT: Let the record reflect that all twelve members responded affirmatively.

And members of the Jury, I again instruct you that if you believe the evidence, you may consider it only for the limited purpose for which it has been received in this case, and for no other purpose.

In *State v. Green*, 321 N.C. 594, 604, 365 S.E.2d 587, 593, *cert. denied*, 488 U.S. 900, 102 L. Ed. 2d 235 (1988), our Supreme Court held: "It is not necessary that the modus operandi of the crime the state seeks to have admitted rise to the level of unique or bizarre." The similarities between the past crimes and the crimes the state seeks to prove must simply support the reasonable inference that the same person committed both the earlier and later crimes. *Id.* Here, there was ample evidence presented in the testimony of L and I of the types of abuse, including fellatio, sexual intercourse, and digital manipulation of the vaginal and anal areas, to conclude that defendant committed similar sexual crimes against them. In overruling

defendant's objection to the introduction of the evidence, the trial court found that defendant abused I from age six to fourteen and that he abused L when she was eleven; that both girls were his biological children; that the abuse occurred in the victims' bedrooms and in other places in their home; that the pattern of abuse with both children was similar; and that defendant threatened both victims not to reveal the acts he forced them to commit. Clearly, the similarities support the inference that the same person committed the offenses.

For evidence to be admissible pursuant to Rule 404(b), however, the trial court must also determine whether the risk of undue prejudice outweighs the probative value of the evidence. *State v. Schultz*, 88 N.C. App. 197, 202, 362 S.E.2d 853, 857 (1987), *aff'd*, 322 N.C. 467, 368 S.E.2d 386 (1988). "North Carolina courts have been consistently liberal in admitting evidence of similar sex offenses in trials on sexual crime charges." *State v. Jacob*, 113 N.C. App. 605, 608, 439 S.E.2d 812, 813 (1994) (allowing evidence that the defendant had sexually abused not only the victim, but also her stepsister) (citing *State v. McCarty*, 326 N.C. 782, 785, 392 S.E.2d 359, 361 (1990)). Although the evidence was harmful to defendant's case, the risk of undue prejudice did not outweigh its probative value. We therefore reject defendant's argument.

[2] By defendant's second assignment of error, he argues he was sentenced in a manner not authorized by law in that the trial court read and considered Department of Social Services (DSS) documents from Harnett and Cumberland counties, and from the State of Pennsylvania, that were not provided to the defense. We disagree.

This Court will not disturb a judgment because of the sentencing procedures utilized unless an abuse of discretion prejudicial to the defendant or conduct offending the public sense of fair play can be shown. *State v. Stone*, 104 N.C. App. 448, 453, 409 S.E.2d 719, 722 (1991), *disc. review denied*, 330 N.C. 617, 412 S.E.2d 94 (1992). In sentencing, the trial court may rely on circumstances brought out at trial. *State v. Flowe*, 107 N.C. App. 468, 472-73, 420 S.E.2d 475, 478, *disc. review denied*, 332 N.C. 669, 424 S.E.2d 412 (1992).

Before trial, defendant filed a Motion for Production of Confidential Records that required the trial court to review *in camera* several confidential DSS documents regarding L and I for exculpatory evidence. The trial court did so, and disclosed any arguably exculpatory evidence to both parties. Then, at the sentencing phase of the trial, defendant requested that the trial court

consider the mitigating factor that he had been gainfully employed. The only evidence of defendant's employment was his own testimony. The trial court, however, found that DSS's records rebutted defendant's evidence.

According to DSS documents, defendant was receiving assistance for his children from either Pennsylvania or North Carolina from at least 1982 to the present. In fact, they indicated that all monies received by the family came from DSS in one form or another. There was also ample testimony that the Patterson family frequently went hungry and that defendant would sell their groceries in order to purchase drugs.

Defendant has failed to establish that the trial court abused its discretion or that the public sense of fair play was offended. Defendant himself had asked the trial court to review the DSS documents. He was given ample opportunity to present his evidence, including any that showed error in the DSS records. His failure to present copies of employment records, pay stubs, income tax returns, or other evidence of prior employment was not due to any restriction imposed by the trial court. Accordingly, we reject this argument and find no error.

NO ERROR.

Judge McGEE concurs.

Judge GREENE dissenting in part.

GREENE, Judge, dissenting in part.

I dissent because I believe the trial court erred in considering for sentencing purposes information contained in records that had not been presented into evidence either at trial or at the sentencing hearing. As to the remainder of the majority opinion, however, I fully concur.

Although the formal rules of evidence do not apply in a sentencing hearing, such a hearing "must be fair and just" and provide the defendant with an "effective way of contradicting [any] damaging and prejudicial information." *State v. Locklear*, 34 N.C. App. 37, 39-40, 237 S.E.2d 289, 291 (1977), *rev'd on other grounds*, 294 N.C. 210, 241

S.E.2d 65 (1978); N.C.G.S. § 15A-1334(b) (2001). As a general propo-
sition, the sentencing judge is permitted to consider any "circum-
stances brought out at trial." *State v. Flowe*, 107 N.C. App. 468, 472-
73, 420 S.E.2d 475, 478, *disc. review denied*, 332 N.C. 669, 424 S.E.2d
412 (1992).

In this case, the sentencing judge considered, in evaluating the
credibility of defendant's request for a mitigating factor,[1] certain
Department of Social Services (DSS) records that had been presented
to the trial court during the trial for *in camera* review but which had
not been presented into evidence or otherwise been made available to
defendant. The sentencing judge, after reviewing these records *in
camera*, noted that defendant's trial testimony relating to his employ-
ment history was "clearly rebutted by the [DSS] records." Defendant
questioned the trial court's procedure in reviewing the records on the
ground that his "credibility ha[d] been challenged by records" he had
not seen. After advising defendant he could "take it up on appeal," the
sentencing judge sentenced defendant without granting him the ben-
efit of the requested mitigating factor.

As the information in the DSS records was not evidence in
defendant's trial, it was not within the scope of *Flowe*. Furthermore,
it was not "fair and just" to allow the sentencing judge to consider this
information, which was damaging and prejudicial, as defendant had
no effective method or opportunity to contradict it. *See State v.
Midyette*, 87 N.C. App. 199, 204-05, 360 S.E.2d 507, 510 (1987),
*aff'd*, 322 N.C. 108, 366 S.E.2d 440 (1988) (new sentencing hearing
required where trial court conducted an *in camera* victim input ses-
sion and pronounced judgment without ensuring that all information
received by the trial court had been known to the defendant and with-
out the defendant having had an opportunity to explain or refute the
information).

Therefore, I would vacate the sentence and remand for a new
sentencing hearing.

---

1. Defendant testified at trial he had a positive employment history and during
the sentencing hearing requested a finding in mitigation pursuant to N.C. Gen. Stat.
§ 15A-1340.16(e)(19) (2001).