BONNIE WOOD SNOW, Plaintiff-Appellant,
v.
ROGER FINIS SNOW, Defendant-Appellee.
No. COA08-105
Court of Appeals of North Carolina
Filed November 18, 2008
This case not for publication
Franklin Smith for Plaintiff-Appellant.
Bennett and West, by Michael R. Bennett, for Defendant-Appellee.
STEPHENS, Judge.
Plaintiff Bonnie Wood Snow and Defendant Roger Finis Snow separated in August 2004. Plaintiff filed a civil action on 8 September 2004 seeking, inter alia, alimony and equitable distribution of marital property with an unequal distribution in her favor. Defendant filed an Answer and Counterclaim on 18 November 2004 seeking, inter alia, an unequal distribution of marital property in his favor. An Alimony Order was entered 26 September 2007 and a Judgment of Equitable Distribution was entered 2 October 2007. From this order and judgment, Plaintiff appeals. We note initially that Plaintiff made no assignments of error nor arguments in her brief regarding the order for alimony. Therefore, the sole issue preserved by Plaintiff on appeal is whether the trial court erred in the computation of the marital property in the Judgment of Equitable Distribution. See N.C. R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal[.]").
In making an equitable distribution of marital assets, the trial court must (1) determine which property is marital property, (2) calculate the net value of the property, and (3) distribute the property in an equitable manner. Beightol v. Beightol, 90 N.C. App. 58, 367 S.E.2d 347, disc. review denied, 323 N.C. 171, 373 S.E.2d 104 (1988). In any order for the equitable distribution of marital property, the trial court "shall make written findings of fact that support the determination that the marital property and divisible property has been equitably divided." N.C. Gen. Stat. § 50-20(j) (2007). "The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review to determine from the record whether the judgment  and the legal conclusions that underlie it  represent a correct application of the law." Patton v. Patton, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) (quotation marks and citation omitted).
The trial court used the Pre-Trial Order in this matter, entered on 24 October 2005, as a guide in determining the values of the marital property. Plaintiff and her attorney read and consented to such order. Furthermore, Plaintiff offered no evidence on the valuation of any real or personal property, and the trial court accepted the valuations of the marital property as contended by Defendant. The trial court listed the valuations of the marital and personal property on Exhibit "A" which the trial court incorporated by reference into the Judgment of Equitable Distribution. Plaintiff does not assign error to any values listed on Exhibit "A."
In its judgment, the trial court found
[t]hat each of the items of property and the values the parties set forth . . . on the sheet attached [as] Exhibit "A" shall be distributed to the party under whose name the value listed for the property is placed. Exhibit "A" is incorporated herein by reference.
Exhibit "A" listed the value of the property in Plaintiff's possession as $53,514 and in Defendant's possession as $205,645.73, for a total marital estate of $259,159.73. The trial court also found:
18. That all valuations set forth on the included and attached hereto [Exhibit "A"] total a grand total of marital property at $214,584.46 with each party being entitled for an equal division of $107,292.23. The Defendant owes to the Plaintiff as her one-half (1/2) of the current net value of the marital property of the parties the sum of $76,065.86.
This finding of fact clearly contains a clerical error as to the value of the total marital estate and, correspondingly, the value of one-half of the marital estate. Nonetheless, consistent with this finding of fact, Exhibit "A" showed that Defendant owed Plaintiff as her one-half of the current net value of the marital property the sum of $76,065.85 .[1]
The trial court further found that because of [Plaintiff's] marital waste of $24,000.00 of the parties['] assets . . . [Plaintiff's] sum of $76,065.86 should be reduced by $24,000.00 as . . . an unequal distribution is appropriate in this case[.]
These values are also consistent with the values listed on Exhibit "A." Based in part on these findings of fact, the trial court concluded that an unequal distribution in favor of Defendant was appropriate and, in accordance with the values listed on Exhibit "A," ordered, inter alia:
1. That each party shall have as their sole and separate property those items on Exhibit "A" at the value indicated.
2. That Defendant shall pay to Plaintiff as a distributive award $52,065.85[.][2]
We conclude that the trial court properly used the values listed on Exhibit "A," which were calculated using values to which the parties stipulated in the Pre-Trial Order and which were supported by undisputed evidence at trial, in correctly calculating the final distributive award. However, the trial court erroneously transcribed the values of the marital property and each party's entitlement to an equal division of that property into Finding of Fact number 18. As the findings of fact, with the incorporated Exhibit "A," support the legal conclusions and the judgment, we affirm the judgment of the trial court but remand this matter for correction of the clerical errors in Finding of Fact number 18.
Our inquiry into this matter does not end here, however, as we are compelled to address Plaintiff's Counsel's egregious impropriety and his substantial violations of the North Carolina Rules of Appellate Procedure.
This Court may, on its own initiative, impose a sanction against an attorney when this Court determines that an appeal was frivolous because a brief filed in the appeal "was so grossly lacking in the requirements of propriety, grossly violated appellate court rules, or grossly disregarded the requirements of a fair presentation of the issues to the appellate court." N.C. R. App. P. 34(a).
In his brief, Counsel made the following statements regarding Defendant: (1) "Plaintiff's counsel contends that if the Defendant had been a decent man, he would have known he had to pay [Plaintiff's] sister to . . . do the Defendant's responsibilities[;]" (2) "One must analyze the civility of the Defendant and as is applied to a modern civilized world[;]" and (3) "Only a drunken heathen would think and act the way the Defendant in this case has done." Such personal attacks by Counsel are grossly improper and are inappropriate for inclusion in an appellate brief. Second, in challenging the trial court's decision, Counsel asserts, "[o]ne wonders not only how but why the Trial Judge reached the result he entered in this case." Counsel also argues:
Counsel is at a loss to understand the logic used by this Judge, why he did not use his authority to protect the rights of the Plaintiff. Counsel can see no reason for the way the Judgment of Equitable Distribution was decided . . . . It simply is not a sound judgment arrived at by a reasonable decision by the Judge. . . . One begins to wonder what use is the Courthouse and the Judge.
While counsel's role on appeal is to vigorously advocate his or her client's position, counsel's argument must be "well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]" N.C. R. App. P. 34(a)(1). Furthermore, Rule 0.l[5] of The Revised Rules of Professional Conduct of the North Carolina State Bar provides, inter alia, that "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges[.]" Counsel's unfounded statements in derogation of the trial judge are grossly improper and have no place in argument to this Court.
Furthermore, Counsel includes the following passage in his brief to this Court:
Plaintiff's counsel has great difficulty as a husband and father, after being married to a fine woman for over forty years who has raised their four fine daughters while he worked and paid the tuition for each to receive the best educations possible at Wake Forest and Catawba College, then attend their graduations from these great institutions where each graduated Magna Cum Laude. Plaintiff's counsel served in the United States Army and was decorated many times by the units he served in, among those honors being two bronze stars for valor.
This irrelevant and extraneous material has "in no way assisted this Court either in understanding or deciding the issues of the instant case." State v. Rollins, 131 N.C. App. 601, 608, 508 S.E.2d 554, 558 (1998) (citing N.C. R. App. P. 28(a) ("[T]he function of all briefs . . . is to define clearly the questions presented to the reviewing court[.]")).
We hold the aforementioned statements from Plaintiff's brief are "grossly lacking in the requirements of propriety, " N.C. R. App. P. 34(a), and as a result, this appeal at a minimum borders on being frivolous.
Additionally, this Court may, on its own initiative, impose a sanction against an attorney when such attorney "substantially failed to comply" with the Rules of Appellate Procedure. N.C. R. App. P. 25(b).
Pursuant to N.C. R. App. P. 28(4), a brief to this court must contain a statement of grounds for appellate review which "shall include citation of the statute or statutes permitting appellate review." N.C. R. App. P. 28(4). Counsel's Statement of Grounds for Appellate Review cites "N.C.G.S. § 50-20  Divorce and Alimony[.]" Such statute governs equitable distribution and does not provide this Court with notice of the statutory authority conferring jurisdiction upon this Court to hear Plaintiff's appeal. However, this Court has determined ex mero motu that we have jurisdiction to hear this appeal pursuant to N.C. Gen. Stat. § 7A-27(c) (2007) as it is an appeal from a final judgment of the District Court of Surry County.
Furthermore, a brief to this court must also contain a statement of the facts which should be a non-argumentative summary of all material facts underlying the matter in controversy which are necessary to understand all questions presented for review, supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be.
N.C. R. App. P. 28(5). Counsel begins his Statement of Facts with the following:
The counsel has read Rule 28 of the Rules of Appellant [sic] Procedure and under the section of Contents for section (b) of Appellant's Brief that Item 1 which has been complied with is statement of question presented for review. Item 2 is complied with, a statement of procedural history of the case, has complied with in the statement of the case of this Brief.
Later in the Statement of Facts, Counsel recites Rule of Appellate Procedure 28(5). Such statements are completely irrelevant to this Court's understanding of the question presented for review and are inappropriate for inclusion in the statement of facts. Furthermore, in the Statement of Facts, Counsel cites two cases to support legal contentions, clearly violating the mandate that the statement of the facts be a non-argumentative summary of material facts.
Moreover, in violation of N.C. R. App. P. 28(6), Plaintiff's argument did not contain "a concise statement of the applicable standard[] of review[,]" N.C. R. App. P. 28(6), and cites only twoauthorities in the entire argument, one of which, as explained above, was also cited in the Statement of Facts. See N.C. R. App. P. 28(6) ("The body of the argument . . . shall contain citations of the authorities upon which appellant relies.").
Based on the above violations and the gross impropriety of Plaintiff's brief, we hold that Counsel "substantially failed to comply" with the Rules of Appellate Procedure. N.C. R. App. P. 25(b).
As a result of our holdings, in our discretion and pursuant to N.C. R. App. P. 34(b)(2)(a), we impose double costs of this appeal upon Plaintiff's Counsel.
AFFIRMED AND REMANDED. DOUBLE COSTS OF THIS APPEAL ASSESSED AGAINST PLAINTIFF'S COUNSEL.
Judges McCULLOUGH and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] This figure, rounded down to the nearest five one-hundredths of a dollar, represents one-half of the total marital estate of $259,159.73, or $129,579.86, less the value of the property already in Plaintiff's possession.
[2] This amount represents the amount Defendant owed Plaintiff as her one-half of the current net value of the martial property, less the amount of marital assets wasted by Plaintiff.